**TRANSCONTINENTAL SERVICE CORPORATION and Rieker Ski Equipment Corporation, Plaintiffs,**

v.

**TRUE TEMPER CORPORATION, Defendant.**

**No. 70 Civ. 2388.**

United States District Court, S. D. New York.

Nov. 17, 1970.

Walter & Conston, by Henry S. Conston, New York City, for plaintiffs.

Cahill, Gordon, Sonnett, Reindel & Ohl, by Lawrence J. McKay, New York City, for defendant.

POLLACK, District Judge.

The defendant moves for an order pursuant to 28 U.S.C. § 1404(a) transferring this case to the United States District Court for the Northern District of Ohio. It is sought to transfer the case to that District because it might have been brought there and because a transfer will convenience the parties and witnesses and be in the interest of justice.

The papers indicate that the balance of convenience and justice is strongly in favor of defendant's claim that Ohio is the proper place of trial for this case and the defendant has sustained its burden of making out a strong case for a transfer.

The suit seeks to enforce a contract between the parties whereby the plaintiff was to act as a nonexclusive broker for ski equipment manufactured by the defendant. The contract was terminated when defendant ceased the manufacture of ski equipment. The main issue to be litigated in the case is defendant's termination of the contract resulting from its ceasing to manufacture skis. All of defendant's files and documents relevant thereto are located in its home office in Cleveland, Ohio. The employees of the defendant who are most familiar with the situation reside in the Northern District of Ohio.

Plaintiffs' prospective witnesses on the issue of liability will consist of the president of Transcontinental who resides at Hanover, New Hampshire and another person who resides in Germany. There seem to be no potential witnesses to this case who reside in the Southern District of New York or who are subject to compulsory process in New York.

The plaintiff, Transcontinental Service Corpororation is a Panamanian corporation with its principal office and place of business at Hanover, New Hampshire; it is licensed to do business in New York where it employs an independent sales representative whose territory includes the Southern District of New York. The co-plaintiff, Rieker Ski Equipment Corporation, is a California corporation with its principal place of business in California; it is not registered to do business in New York. Neither of the plaintiffs maintains any office in this District.

The defendant is a Delaware corporation with its plant and principal place of business in Cleveland, Ohio. It is licensed to do business in New York, employs 10 individuals and 2 independent manufacturers representative firms who solicit orders for its goods in a territory which includes the State of New York and attributes approximately 4.4% of its total 1969 sales to New York customers.

On or about January 1, 1969, the plaintiffs and defendant entered into a written contract requiring the plaintiffs to promote and secure orders for defendant's products within the entire United

States for an agreed commission of 10% of the net selling price of products sold. The contract was negotiated between the parties by mail, by telephone and at two meetings, one in Cleveland and one in New York City. However, the contract was not executed in this District and it specifically provides that it is to be interpreted under Ohio law. Apparently, the contract was executed by the defendant in Ohio and by the plaintiffs at Hanover, New Hampshire.

The breach of contract claimed is in substance that on or about May 7, 1969, defendant advised the plaintiffs that it had discontinued the manufacture and sale of ski products and would not honor any sales solicited by plaintiffs under the agreement. Allegedly, up to that time, plaintiffs, complying with terms of the contract, enlisted and entered into special agreements with its nationwide organization of sales representatives to establish a marketing organization for promotion of defendant's products and submitted to defendant orders for approximately 1,000 pairs of skis and several hundred pairs of ski poles or $100,000 wholesale value, none of which were filled by the defendant. To the extent that any orders for defendant's products were taken in New York, they were submitted to Hanover, New Hampshire for acceptance and transmittal from there to the defendant.

Consequently, the plaintiffs' claim to damages will be based on nationwide circumstances pertaining to the alleged breach and the elements of damage relevant to orders originating in New York will be merely incidental to the whole picture.

The principal argument against transfer is that the president of Transcontinental is able to come to New York in less time than it would take him to fly to Ohio; and that the witness from Germany would have to change planes in New York or Chicago to get to an Ohio Court.

This case has been assigned to one of the Judges serving in the Pilot Program and a trial could be had almost as soon as pretrial discovery has been completed and within a matter of a few months. It is indicated that if the case is transferred to the Northern District of Ohio, it will possibly take something short of 20 months to be reached. The defendant, mistaking the speed with which it could have a trial in this Court, seeks a trial in Ohio claiming that it is important for it to have its rights promptly litigated. If prompt litigation were the sole criterion there would be no reason for a transfer in this case. But that is not the controlling criterion.

Plainly, there is little reason for the commencement or administration of this action in New York other than the unquestioned technical right of the plaintiffs to sue here. There has been such little contact with this District that the transfer should be granted. *Cf.* Fitzgerald v. Westland Marine Corp., 369 F.2d 499, 502 (2d Cir.1966). The only real contact is the location of plaintiffs' general counsel, which is not a factor to be considered. Cressman v. United Airlines, Inc., 158 F.Supp. 404, 407 (S.D.N.Y.1958). The factors posed by plaintiffs seem of little relevance on the issue of convenience and the interests of justice in the light of the principal matter to be litigated herein, namely, the defendant's right to terminate its ski business and the effect thereof on the contract.

Accordingly, the motion to transfer this action to the United States District Court for the Northern District of Ohio, be and the same hereby is granted and the Clerk is directed to transmit the file and papers herein to that Court with all convenient speed.

So ordered.