Nathan M. GOODMAN, as Trustee for Marjorie Ruth Meyer Goodman

v.

Peter F. FLEISCHMANN, Individually and as Executor of the Estate of Raoul Fleischmann, et al.

Civ. A. No. 73–1097.

United States District Court,
E. D. Pennsylvania.

Sept. 24, 1973.

order to benefit the heirs of the former chairman of the corporation; (2) the preparation and dissemination of a materially false and misleading proxy statement regarding investment policy; (3) a tender offer for 89,000 shares of the corporation in furtherance of the scheme to defraud the shareholders; and (4) waste, mismanagement, unjust enrichment and self-dealing by corporate fiduciaries.

All causes of action are founded upon either Sections 14(a) and (e) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a) and (e); Rule 14(a)(9) promulgated thereunder by the Securities Exchange Commission; the common law of New York State, or all three sources. Jurisdiction of this court over the subject matter and parties is asserted under Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, 28 U.S.C. § 1337, 28 U.S.C. § 1332 and the doctrine of pendent jurisdiction.

Defendants move for dismissal of the complaint pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, on the ground that the court lacks personal jurisdiction over the defendants, or, in the alternative, for transfer of this matter from the Eastern District of Pennsylvania to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). Because our analysis of the facts agreed upon by all parties relating to the issue of transfer of this action has led us to conclude that the action should be transferred in accordance with controlling legal principles, it is unnecessary to pass upon that portion of the motion calling for dismissal because of lack of personal jurisdiction over the parties.

Notwithstanding the existence of broad venue provisions which have been enacted to "assure that the suit could be brought where the cause of action arose", United States v. National City Lines, 334 U.S. 573, 583, 68 S.Ct. 1169, 1175, 92 L.Ed. 1584 (1948), Congress has vested in the federal courts extensive discretionary powers to transfer cases under appropriate circumstances pursuant to the provisions of 28 U.S.C.

Theodore R. Mann, Philadelphia, Pa., for plaintiff.

D. Robert Owen, New York City, Thomas M. Kittredge, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

FOGEL, District Judge.

Plaintiff, a holder of the common stock of The New Yorker Magazine, Inc., instituted this derivative action alleging, *inter alia*, (1) a scheme by the defendants to defraud the Shareholders of The New Yorker Magazine, Inc. in

§ 1404(a).[1] This grant of discretion requires an "individualized, case-by-case consideration of convenience and fairness." Van Dusen v. Barrack, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964).

■ Consideration of the following undisputed facts has led us to conclude that the instant case should be transferred in accordance with the guidelines that have evolved in the pertinent case law.

(1) Corporate defendant's headquarters are located in New York City and defendant corporation maintains no place of business in Pennsylvania.

(2) Only 5.8% of the shareholders of record have Pennsylvania addresses, and they hold approximately 2.4% of the shares of capital stock.

(3) Subscription sales in Pennsylvania amount to approximately 4.86% of total subscription sales of the magazine; newsstand circulation in Pennsylvania approximates 4% of total newsstand circulation; revenue emanating from Pennsylvania advertisers amounts to approximately 1.86% of net advertising revenues.

(4) All of the defendant directors and key officers of the corporation reside or work in the New York City metropolitan area.

(5) Nearly all the individual defendants are actively engaged in the daily operations of The New Yorker Magazine, Inc.

(6) All non-party witnesses for the defendants work in New York City including the attorneys and executors for the Estate of Raoul Fleischmann and the team of • analysts from Morgan, Stanley and Company.

(7) All corporate documents are in New York City.

(8) All records and documents prepared by Morgan, Stanley and Company relating to their analysis of the tender offer in question are in New York City.

(9) Defendants in this action are and will be represented by three New York law firms currently representing them in a shareholder's derivative suit based upon the same facts in the Supreme Court of the State and County of New York.

(10) Defendants anticipate calling approximately fifteen witnesses from the New York City area. Plaintiff anticipates utilizing four expert witnesses. His counsel tentatively has indicated that these experts will come from the Philadelphia area although he has not yet selected them.

(11) Plaintiff's counsel candidly admitted at oral argument first, that all of the discovery, including deposition of defendants and their witnesses, will occur in New York City irrespective of the place of trial of the issue, and second, that his four expert witnesses, even if located in Philadelphia, could testify in New York City with minimal inconvenience. Defendants have agreed that plaintiff need not be present at the trial and have further agreed to depose plaintiff and his witnesses in Philadelphia.

What, then, are the controlling principles which have persuaded us that these facts dictate the transfer of the action?

■ A motion to transfer pursuant to Section 1404(a) requires the court to make two determinations. FIRST: the transferee forum must be one in which the plaintiff had the right to bring the action at the time of commencement in the original forum. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); Shutte v. Armco Steel Corp., 431 F.2d 22 (3rd Cir. 1970). With respect to the first factor, jurisdiction

1. Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955) (Federal Employees Liability Act) ; United States v. National City Lines, 337 U.S. 78, 69 S.Ct. 955, 93 L.Ed. 1226 (1949) (Sherman Act) ; Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207 (1949) (Federal Employees Liability Act) ; Polin v. Conductron Corp., 340 F.Supp. 602 (E.D.Pa.1972) (Securities Exchange Act of 1934) ; Harris v. American Investment Co., 333 F.Supp. 325 (E.D.Pa. 1971) (Securities Act of 1933, Securities Exchange Act of 1934).

and venue are based upon Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa. All defendants are amenable to suit in Federal Court in the Southern District of New York, and this action could have been brought there under the venue provisions of Section 27 of the Securities Exchange Act. The New Yorker Magazine, Inc. has its corporate headquarters in New York City; six of the individual defendants either live or have their places of business in the Southern District of New York; most of the allegedly illegal acts occurred in New York City and the proxy in question was prepared there as well.

SECOND: competing public and private interests are to be weighed to determine whether a transfer will further the interests of justice and the convenience of the parties. Critical elements of those interests were delineated by the Supreme Court of the United States in *Gulf Oil Corp. v. Gilbert* in consideration of the doctrine of *forum non conveniens*, 330 U.S. 501, 508–509, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

The principles enunciated in that ruling have served as the polestar guiding the disposition of motions to transfer pursuant to 28 U.S.C. § 1404(a). *See* 1 Moore's Federal Practice 2nd ed. ¶ 0.145 [5].

Relevant to the case before us are six of the key factors referred to by the Court in *Gulf Oil, supra*: (1) plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) the cost of obtaining attendance of willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the responsibilities and difficulties of court administration; and (6) the desirability, in federal cases, of state law being determined by a federal court located in the same state.

 Plaintiff's choice of forum is generally favored by a court considering a motion to transfer, with the burden resting on the moving party to establish that a "balancing of proper interests weigh in favor of the transfer" (citations omitted), Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3rd Cir. 1970). His selection is no longer given the same weight it was given previously under the doctrine of *forum non conveniens* when dismissal of the action was a consequence rather than transfer to a more appropriate forum under Section 1404(a). Norwood v. Kirkpatrick, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955).

Less weight is also given to plaintiff's choice of forum in a derivative action "where there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts. . . ." Koster v. (American) Lumbermens Mutual Casualty Co., 330 U.S. 518, 524, 67 S.Ct. 828, 832, 91 L.Ed. 1067 (1947). The Plaintiff here makes "no showing of any knowledge by which his presence would help to make whatever case can be made in behalf of the corporation." *Id.* at 525, 67 S.Ct. at 832 and the defendants have agreed at oral argument that they will not require his presence at trial.

Virtually all the relevant sources of proof are in New York City. The several defendants and most of the witnesses would be substantially inconvenienced by trial in the Eastern District of Pennsylvania. The business of the defendants would suffer disruption if trial were held in this forum, and expenses to the defendants would be substantially increased by a trial in this court.

Public interests will be served as well by a transfer. Because the shareholder-plaintiff represents not himself alone, but the corporation and its other shareholders, the court must assume certain administrative responsibilities toward other shareholders in the event of a settlement compromise. ". . . [W]hat forum is appropriate for such a task may require consideration of its relation to the whole group of members and stockholders whom plaintiff volunteers to represent as well as to the nominal plaintiff himself." *Koster, supra*, 330 U.S. at 526,

67 S.Ct. at 832. Here it is significant that only 5.8% of the shareholders of record have Pennsylvania addresses and hold but 2.4% of the shares of capital stock.

Finally, the New York forum is to be preferred because it is the common law of New York under which these claims are also asserted, and a New York court is more readily equipped to determine issues of New York State law.

■ One additional issue calls for resolution. Plaintiff requests that we defer decision of this motion until six to eight weeks of discovery are completed. Our courts have uniformly held that the decision to transfer is preliminary to discovery on the merits, and that motions to transfer should be acted upon at the threshold of the litigation. It is also clear that no discovery with respect to the question of transfer is necessary, particularly in light of the stipulated facts. McDonnell Douglas Corp. v. Polin, 429 F.2d 30 (3rd Cir. 1970); Plum Tree, Inc. v. Rouse Co., 343 F.Supp. 667, 668 (E.D.Pa.1972).

Accordingly, the defendants' motion for a transfer pursuant to 28 U.S.C. § 1404(a) is hereby granted.