**AAMCO AUTOMATIC TRANSMIS-
SIONS, INC.**

v.

**William H. McALPINE.**

**Civ. A. No. 74-1878.**

United States District Court,
E. D. Pennsylvania.

March 21, 1975.

 

Jeffrey D. Millaway, George J. Hayward, Bridgeport, Pa., for plaintiff.

Thomas J. Renehan, Jr., Philadelphia, Pa., for defendant.

## OPINION AND ORDER

FOGEL, District Judge.

Defendant William H. McAlpine (McAlpine) has moved this Court to set aside a default judgment and to dismiss, or in the alternative, to transfer this action to the United States District Court for the Eastern District of Michigan. For reasons hereinafter set forth, we have decided that the case should be transferred to the Michigan District Court and, therefore, we will defer ruling upon the motion to set aside the default, so that this aspect of the matter may be considered anew by the federal court in Michigan.

Plaintiff is Aamco Automatic Transmissions, Incorporated, (Aamco), a Pennsylvania corporation, and nationally known franchisor of automatic transmission repair services. Defendant is an individual who holds several franchises from plaintiff for shops in Toledo, Ohio, and Detroit, Michigan. The franchise which is the subject of the controversy before us is located in Toledo. Defendant is allegedly in default because of his failure to submit weekly reports to Aamco and to make payments required by the agreement. Plaintiff also avers that defendant has failed to comply with the procedural provisions of the manual provided to him for the purpose of allowing plaintiff to maintain rigid controls over the modus operandi of its several hundred franchisees.

The chronology of this suit is as follows: The complaint was filed on July 23, 1974. Service, which was by registered mail, was made on defendant on August 6, 1974. Service, venue, and personal jurisdiction in Pennsylvania are provided for under the terms of the franchise agreement. A default was entered on September 11, 1974, because of defendant's alleged failure to appear, plead or otherwise defend the action. An order was entered by the Court on September 17, 1974, setting a trial date on the question of damages, because a sum certain could not be ascertained without such a trial. A second order, entered on October 3, 1974, directed discovery on the damage question to be completed by December 14, 1974, and reset the trial date for February 25, 1975. On Octobrer 7, 1974, plaintiff moved for judgment by default. On November 13, 1974, defendant filed his petition to set aside the default and to dismiss the action, or, in the alternative, to transfer it.

Defendant makes the following contentions in support of its motion to reopen the judgment: (1) impropriety of the service upon it; and (2) lack of jurisdiction by the court over McAlpine. The transfer motion was supported by allegations that (a) a parallel action between the same parties had previously been commenced in the Eastern District of Michigan,[1] (b) that the case before us involved the same parties and issues, and (c) that the instant suit *could* and *should have* been brought as a compulsory counterclaim in the Michigan action.

The backdrop of the case at bar is as follows: McAlpine is one of several plaintiffs suing Aamco for fraud which allegedly induced these plaintiffs to enter into the franchise agreements; the suit also alleges various antitrust violations by Aamco. The franchise agreements all predate McAlpine's Toledo franchise, although the form is basically identical to the defendant's contract; in each case the form of agreement was drafted by Aamco. McAlpine is in-

---

1. McAlpine v. AAMCO Automatic Transmissions, Inc., Civil No. 4-70762 (E.D.Mich., filed Dec. 4, 1973).

volved personally and individually in the Michigan action, and not through the medium of a corporation. No reference to the Toledo franchise is made in the case pending in Michigan.

■ The instant action parallels the situation presented to us in Goodman v. Fleischmann, 364 F.Supp. 1172 (E.D.Pa.1973). In that case we reviewed the factors which are controlling in ruling upon a request for transfer of a case to another district. Two critical determinations must be made by the court: FIRST: is the potential transferee forum one in which the plaintiff had the right to bring the action at the time of commencement of the case in the court he in fact selected? and SECOND: will a transfer further the interests of justice and convenience of the parties, in light of all of the competing public and private considerations which must be weighed? The latter decision requires us to analyze the following issues in turn: (1) plaintiff's choice of forum; (2) relative ease of access to sources of proof; (3) cost of obtaining attendance of willing witnesses; (4) all of the other practical matters which must be borne in mind in order to expedite the trial of a case with maximum ease and minimum expense; (5) the responsibilities and difficulties of court administration; and (6) the desirability, in federal cases, of a determination of state law by a federal court located in the same state. *Goodman, supra,* at 1174–75.

## 1. COULD THE ACTION HAVE BEEN BROUGHT IN MICHIGAN?

■ Venue in this suit is governed by the provisions of 28 U.S.C. § 1391. Diversity cases may be brought "only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." 28 U.S.C. § 1391(a). Plaintiff alleges that McAlpine is a resident of the Eastern District of Michigan; defendant admits that allegation. Thus Michigan is a district within which suit could have been brought originally.

Moreover, Rule 13(a) of the Federal Rules of Civil Procedure, provides in pertinent part as follows:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Federal R.C.P. 13(b) also provides that:

A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

If it is true that the present action should have been brought as a compulsory counterclaim, then the case certainly could have been brought in the Eastern District of Michigan. That the counterclaim might not have arisen at the time that Aamco filed its pleading in the Michigan suit would not necessarily alter the situation, in view of F.R.C.P. 13(f), which permits a counterclaim by amendment, after leave of court, when the interests of justice so require. If Aamco's allegations that the present action does not arise out of the same transaction are taken as true, then joinder of the claim in the Michigan action is still permitted under F.R.C.P. 13(b). Hence, the circle is rounded. Irrespective of the characterization of the current suit relative to the Michigan action, the federal court in that district clearly is one in which this suit could have been brought. *See* 3 J. Moore, Federal Practice ¶¶ 13.16, 13.22 (2d ed. rev. 1972) and cases cited therein.

## 2. WILL A TRANSFER FURTHER THE INTEREST OF JUSTICE AND CONVENIENCE OF THE PARTIES?

■■ A review of the uncontested facts demonstrates the desirability of a transfer of the matter to the Eastern

District of Michigan. It is true that plaintiff has chosen the Eastern District of Pennsylvania as its forum. However, that choice is not conclusive, even though it is generally viewed with favor. *Goodman, supra,* at 1175. When another action between the same parties has previously been brought in another court, the convenience of the parties may best be served by consolidation of the actions before one court, in contrast to a proliferation of cases among widely separated forums. McAlpine has filed an affidavit which states that if the default is lifted, he will file a counterclaim in this case which would be on all fours with his claim against Aamco in the Michigan suit. Thus, the issues raised in the two suits are virtually identical.

Aamco is using its corporate counsel in both actions. Regardless of our disposition of this action, these attorneys must travel between the company headquarters in this district and the Michigan district. It would be to their advantage to handle both cases simultaneously. McAlpine would be well served by the elimination of the expense of additional counsel in this district, particularly since Michigan counsel apparently would conduct the actual trial of the case in this forum.

The various documents, records, and Aamco witnesses who are essential to disposition of the matter before us, are also essential to a determination of the issues in the Michigan litigation. Consolidation of the actions will preclude duplicative discovery, testimony and appearances by those affected. Considerable time and money will be saved, to the individual and collective advantage of all parties. The witnesses who will be required to appear on behalf of McAlpine are concentrated in the greater Detroit area, and the same criteria apply to their appearances.[2]

There is another factor which militates toward consolidation of the cases for disposition in one forum. The relief sought in the Eastern District of Pennsylvania is inconsistent with that requested in the action in the federal court in Michigan. While the monetary damages for franchise fees allegedly withheld could perhaps be awarded, the injunctive relief and other matters relating to trademarks and franchise operations would conflict with the decision in the Michigan suit. Indeed, the close, and oftimes baffling interrelationship of the relief sought by Aamco in these two cases was demonstrated by a slip in Aamco's complaint, which asked that:

> such injunction shall apply to the Defendant at his place of business anywhere in the State of *Michigan,* anywhere in the United States of America or anywhere the Defendant is now doing business or intends to do business or intends to do business pursuant to or in contravention of his Franchise agreement.

Complaint at 7 (emphasis added). Since the suit is over alleged contract breaches at the Toledo, *Ohio,* shop, it would be reasonable to expect the specified relief to cover activities in the state of Ohio. While it was undoubtedly an unintentional slip, this misstatement underscores our position that the two cases, though not entirely consistent, involve closely intertwined issues and are best handled in one court.

While the Michigan court may have to apply Pennsylvania law to this action, it is quite possible that Pennsylvania law would also be controlling in the actions already before that federal court. Moreover, it is possible that the law of Ohio will be pertinent to a determination of the questions raised in any potential counterclaim. As between Michigan and Pennsylvania District Courts, there is no significant superiority of one over the other in interpreting the law of Ohio. We therefore do not see any loss of efficiency, or loss of maximum utili-

---

2. Toledo and Detroit are approximately 60 miles apart.

zation of judicial resources in the transfer of this action to the federal court in that forum. To the contrary, we believe that the failure to do so will create inefficiency, and will result in a waste of judicial resources.

## 3. THE MOTION TO SET ASIDE THE DEFAULT

■ Because we have decided to transfer the action, it would be imprudent for us to determine the critical issue of default, thereby foreclosing the federal court in Michigan from deciding the matter. Such a decision on our part is dictated by the interrelationship between the issues in the two cases and also by the dispute over the nature of McAlpine's counterclaim; i. e., whether it is permissive or compulsory.

Hence, we will not rule upon the motion to set aside the default. Specifically, we hold that such a ruling on that issue will be deferred so that the United States District Court for the Eastern District of Michigan may decide that matter.

Accordingly, the following Order will be entered:

### ORDER

And now, to wit, this 21st day of March, 1975, it is hereby ordered that the above-captioned action be transferred in its entirety to the Eastern District of Michigan, as a related action to McAlpine v. AAMCO Automatic Transmissions, Inc., Civil No. 4–70762 (E.D. Mich., filed Dec. 4, 1973). The Clerk is directed to transmit the record in this case to the United States District Court for the Eastern District of Michigan.

It is further ordered that Defendant's Motion to Set Aside the Default is to be preserved so that Defendant may renew the motion before the United States District Court for the Eastern District of Michigan.