**Armon AZRIEL**

v.

**FRIGITEMP CORPORATION.**

Civ. A. No. 75–887.

United States District Court,
E. D. Pennsylvania.

July 29, 1975.

Beryl E. Hoffman, Philadelphia, Pa., for plaintiff.

Henry A. Stein, Philadelphia, Pa., Gerald D. Fischer, New York City, for defendant.

## OPINION AND ORDER

FOGEL, District Judge.

Before us is a motion to transfer this matter to the United States District Court for the Southern District of New York, pursuant to our discretionary power to do so under 28 U.S.C. § 1404(a). We will grant the motion for the convenience of the parties and the witnesses, and in the interest of the efficient and economical administration of justice.

Plaintiff Armon Azriel is a citizen and resident of the State of Israel; his only other business contacts in the United States are admittedly minimal ones with a corporation located in the East-

ern District of Pennsylvania.[1] Defendant Frigitemp Corporation is a corporation incorporated under the laws of the State of New York, with its headquarters and executive offices at 121 East 18th Street, New York City. Defendant alleges that it intends to add Zim Lines, an Israeli steamship company with offices in New York City, as a third-party defendant in this case.

The action is one for breach of contract, allegedly based upon Frigitemp's failure to permit Mr. Azriel and Mobat, Ltd., (an Israeli company controlled by Mr. Azriel), to complete a contract for design work on control panels for one-hundred "Cooltainers" to be built for Zim Lines. Zim cancelled the contract for the Cooltainers prior to completion of construction and delivery to them; Frigitemp then terminated its contract with Mr. Azriel and Mobat, Ltd. Frigitemp has instituted an action in the Southern District of New York against Zim Lines as a result of the cancellation of the contract between those two parties; *Cool-Chain, Inc. v. Zim Israel Navigation Co.*, 73 Civ. 495 (S.D.N.Y., filed Jan. 31, 1973).

Defendant relies on the following factors in support of its motion for transfer: all employees and officers of Frigitemp who dealt with Mr. Azriel work in the Southern District of New York; the contract between the parties was made either in Israel or in New York; those employees of Frigitemp who dealt with Zim Lines in connection with the contract between them work in New York; all Zim Lines witnesses and documents could be made available with greater ease in New York than in Philadelphia, because Zim maintains an office there; any employees of Zim who do not work

in New York, but whose depositions or testimony might be relevant, travel between Israel and New York; hence, those persons would be more readily available in the Southern District of New York than they would be in the Eastern District of Pennsylvania.

■■■ Section 1404(a) of Title 28 of the United States Code provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

We have construed this section on two recent occasions. *Aamco Automatic Transmissions, Inc. v. McAlpine*, 391 F. Supp. 302 (E.D.Pa.1975); *Goodman v. Fleischmann*, 364 F.Supp. 1172 (E.D. Pa.1973). In those cases, we identified the two critical determinations which a district court must make before ruling upon a motion to transfer: *FIRST:* Is the potential transferee forum one in which the plaintiff had the right to bring the action at the time that suit was commenced in the court which he in fact selected? and *SECOND*: Will a transfer further the interest of justice and the convenience of the parties, in light of all of the competing public and private considerations which must be weighed? The latter decision, in turn, requires us to analyze the following issues: (1) plaintiff's choice of forum; (2) relative ease of access to sources of proof; (3) cost of obtaining attendance of willing witnesses; (4) in all of the other practical matters which must be borne in mind in order to expedite the trial of a case with maximum ease and minimum expense; (5) the responsibilities and difficulties of court administra-

---

1. Plaintiff admits in his own affidavit that his *de minimis* business contacts in the United States are limited to certain work he has performed for the Strick Corporation, located in Fairless Hills, Pennsylvania, in the Eastern District of Pennsylvania. Strick Corporation is *not* a party to this suit. It *is* a coplaintiff in an action between Cool-Chain and Zim Israel Navigation Co. in the

Southern District of New York, discussed *infra*. It is significant, however, that plaintiff does not claim that this fact, or any other circumstance, can justifiably be a basis for establishing any connection with respect to Strick and the parties to this suit which could be even remotely relevant to the case at bar.

tion; and (6) the desirability, in federal cases, of a determination of state law by a federal court located in the same state. *Goodman, supra,* at 1174–75.

■ It is eminently clear that this action could have been brought in the Southern District of New York. Plaintiff qualifies as one who may invoke diversity jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(a)(2). He is a citizen of a foreign state, and is not a resident of the State of New York; he does not maintain a principal place of business anywhere in the United States; thus, his diversity of citizenship would permit him to bring the suit in the federal court for the Southern District of New York. Defendant not only does business in the Southern District of New York, but, indeed, maintains its executive offices there and is incorporated in that state. Clearly, based on these facts, the Southern District of New York is a proper forum in which the action could have been brought originally by plaintiff.

In view of the allegations of both parties, in the complaint and the affidavits accompanying the motion and reply, we find that transfer to the Southern District of New York would also further the interest of justice and the convenience of the parties. Mr. Azriel maintains no office in the United States. His alleged minimal ties to a Pennsylvania firm, as previously noted, are entirely unconnected with this contract dispute. Indeed, his selection of the Eastern District as a forum has been motivated principally by the fact that his attorney is situated here, a justifiably flattering commentary upon the outstanding abilities of the lawyers in this district, but hardly one that, *eo ipso,* can justify his choice of this forum. It is certainly true that plaintiff's choice of forum should be given great deference. However, that choice is not dispositive, when other factors heavily outweigh it. *Goodman, supra,* at 1175.

The factors arrayed in favor of a transfer in this case are considerable.

Frigitemp maintains its executive offices in New York, and its corporation records are there. All of the employees who dealt with Mr. Azriel are there. All of the business dealings which are the subject of the complaint took place either in New York or in Israel. There were no dealings between the parties in the Eastern District of Pennsylvania. Zim Lines, which may become a third-party defendant, and in any event, will in all probability have certain of its employees called as witnesses, has an office in New York; it maintains no office in the Eastern District of Pennsylvania.

Mr. Azriel states that New York is within one-hundred miles of Philadelphia, and argues that accordingly these witnesses are subject to the subpoena power of this Court pursuant to Rule 45(e)(1) of The Federal Rules of Civil Procedure; the existence of the power is not the answer to the problem posed when dealing with non-party witnesses; it is far better, when possible, to have them appear in a district in which they work. All of the potential witnesses from Zim Lines either work in New York, or invariably come to New York when they do travel to the United States from Israel. Apart from litigating the matter in this district, there would be no reason for these witnesses to travel to Philadelphia.

It is also extremely significant that an action is pending in New York between Frigitemp Corporation and Zim Lines arising out of the latter's alleged breach of contract for cancellation of the agreement for construction of the Cooltainers. Defendant contends that the contract between Mr. Azriel and Frigitemp was contingent upon Zim Lines' purchase of the Cooltainers. Without evaluating the merits of this allegation, there certainly appears to be a significant relationship between the Zim-Frigitemp controversy and the Frigitemp-Azriel controversy. The determination of the rights and responsibilities of the parties in connection with the former

contract could well prove to be relevant to the outcome of this litigation.

Finally, this action does not involve questions of the substantive law of the Commonwealth of Pennsylvania, and thus a federal court sitting in Pennsylvania has no special expertise which would justify retaining the litigation in the instant forum, when the countervailing factors discussed above militate toward transfer to the Southern District of New York.

 If the action were to proceed in this District, we would be compelled to apply the choice of law rule of the forum state, *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In Pennsylvania, the law of that state controls which has the most significant contacts with, and interest in the transaction and the parties to the controversy. This rule applies in both tort cases, *Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964), and in cases involving contractual relations, *Neville Chemical Co. v. Union Carbide Corp.*, 422 F.2d 1205 (3d Cir. 1970), *Readmond v. Matsushita Electric Corp.*, 355 F.Supp. 1073 (E.D. Pa.1973); *See also Philadelphia Facilities Management Corp. v. Saint Paul Fire & Marine Insurance Co.*, 379 F. Supp. 780, 783 (E.D.Pa.1974). Since it is clear from the record, and indeed, admitted by the parties, that the Commonwealth of Pennsylvania does not have the remotest connection with the negotiation, consummation or performance of the contract which is the subject of this controversy, a federal court in Pennsylvania would be compelled to apply the substantive law of New York or that of the State of Israel, rather than that of Pennsylvania.

While we express no view with respect to the choice of law rule which would be followed by a New York court, it is clear that the substantive law of Pennsylvania could not conceivably be applied.

For these reasons we have concluded that a transfer of this matter to the Southern District of New York will best serve the interest of justice and the convenience of the parties. Accordingly, the following Order will be entered effecting such a transfer.