**INDUCTOTHERM CORPORATION**

v.

**PILLAR CORPORATION.**

Civ. A. No. 75–3354.

United States District Court,
E. D. Pennsylvania.

Aug. 4, 1976.

Arthur H. Seidel, Joel S. Goldhammer, Philadelphia, Pa., for plaintiff.

Mitchell S. Greenspan, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

FOGEL, District Judge.

Presently before the Court are two motions: (1) the Motion of defendant, Pillar Corporation, (Pillar), to Dismiss, or in the Alternative to Transfer this action to the United States District Court for the Eastern District of Wisconsin; and (2) the Motion of plaintiff, Inductotherm Corporation, (Inductotherm), to Transfer this action to the United States District Court for the District of New Jersey. After the Pillar Motion was filed, the parties engaged in extensive discovery, and submitted comprehensive briefs relative to the issues raised by that Motion. We heard oral argument on the Pillar Motion on July 12, 1976; at that time we raised, on our own initiative, the question of whether this action should be before the District Court of New Jersey, rather than before us, or, indeed, in the Eastern District of Wisconsin, as suggested by Pillar. Counsel for Inductotherm, first orally at the argument, and then later in writing in a document entitled "Findings of Fact, Conclusions of Law and Order", moved for the transfer of the action to the District Court of New Jersey; defendant opposed such a transfer, and argument was heard on this issue in connection with the other matters raised originally by the Pillar Motion, and the response to it.

The critical question before us is whether we should retain jurisdiction, or transfer the case to another district, pursuant to 28 U.S.C. § 1404(a). We have carefully considered both Motions in light of the present record, and have concluded that this action should be transferred to the District of New Jersey. Plaintiff's Motion for Transfer will accordingly be granted; defendant's Motion to Dismiss, or in the Alternative to Transfer, will be denied; and an appropriate Order will be entered. Our reasons follow:

## I. PROCEDURAL HISTORY OF THE CASE

Plaintiff, Inductotherm, brought this action against Pillar in November, 1975; it seeks a declaratory judgment challenging the validity of United States Patent No. 3,901,999, as well as a declaration of plaintiff's non-infringement of the patent. That patent relates to a furnace, known as a "Lift Swing Furnace", which is used in melting metals; Inductotherm and Pillar are competing manufacturers of this type of furnace. Inductotherm subsequently amended the complaint to add a second cause of action, in which it claimed unfair competition by Pillar's allegedly false and misleading representations in connection with the manufacture and sale of "complete power supplies".

Pillar responded to the Amended Complaint by filing, in January, 1976, its Motion to Dismiss, or in the Alternative to Transfer. That motion seeks the following relief:

(1) dismissal of the action for improper venue pursuant to F.R.Civ.P. 12(b)(3);

(2) dismissal of the action for lack of personal jurisdiction over the defendant pursuant to F.R.Civ.P. 12(b)(2);

(3) alternatively, transfer of the action to the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404(a); and, finally,

(4) dismissal of the action for plaintiff's failure to plead with particularity the allegations of fraud set forth in its second cause of action, pursuant to F.R.Civ.P. 9(b); or, alternatively, a more definite statement of the allegations of the second cause of action, pursuant to F.R.Civ.P. 12(e).

After Pillar filed its motion, the parties stipulated as to the discovery which was to be conducted by them; the scope of that discovery, however, was limited to the issues raised by, and relevant to, the Pillar motion. When that discovery had been completed, we entered our Order of June 18, 1976, staying further discovery, pending the disposition of the motion.

Before us at the July 12th argument was a record which contained, in addition to the pleadings, the following relevant documents:

(1) Defendant's Brief in Support of Motions to Dismiss;

(2) Plaintiff's Memorandum in Opposition to Defendant's Motions to Dismiss, or in the Alternative to Transfer;

(3) Defendant's Reply Brief;

(4) exhibits and supporting affidavits, submitted by the parties with their respective briefs and memoranda; and

(5) transcripts of the depositions which were taken during discovery.

In addition, counsel for both parties have augmented their briefs by letters addressed directly to the Court, touching upon the merits of the Pillar Motion.[1]

## II. DISPOSITION OF THE MOTIONS

■ Defendant Pillar contends that venue in the Eastern District of Pennsylvania is improper, and it also urges that it is not subject to the jurisdiction of this Court; Pillar further contends that, even if we have jurisdiction and venue does lie here, the case should nevertheless be transferred to the Eastern District of Wisconsin on the ground of *forum non conveniens*. While we have doubts as to whether Pillar is doing sufficient business within the Commonwealth of Pennsylvania, and the Eastern District of Pennsylvania to support a finding of proper jurisdiction and venue under the appropriate statutes, we decline to reach those issues at this point. Our review of the record convinces us that the convenience of the parties and witnesses, and the interest of justice, will best be served by a transfer of this action to the District of New Jersey. It now appears from the record that the District of New Jersey is one within which Inductotherm could have, and should have brought suit. Moreover, we believe that such a transfer should be made for yet another reason—to discourage forum shopping in an action commenced, as it was, by a non-resident plaintiff against a non-resident defendant, upon a cause which has a very questionable nexus with the Commonwealth of Pennsylvania.

In *Goodman v. Fleischmann*, 364 F.Supp. 1172 (E.D.Pa.1973), we enunciated the following factors to be considered in ruling upon a motion for transfer on the grounds of *forum non conveniens.*

"(1) plaintiff's choice of forum; (2) the relative ease of access of sources of proof; (3) the cost of obtaining attendance of willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the responsibilities and difficulties of court administration; and (6) the desirability, in federal cases, of state law being determined by a federal court located in the same state."

*Id.*, 1175. We have reviewed all of those factors, and have concluded that when the

---

1. Although this correspondence was not made a matter of record with the Clerk of the Court, we have docketed it. Notwithstanding the fact that our Standing Order clearly prohibits the practice of presenting legal arguments to the Court through the medium of such correspondence, nevertheless, we have considered these letters in connection with our review of the entire record, including all arguments advanced by counsel in open court. We have also reviewed the plaintiff's proposed Findings of Fact, Conclusions of Law and Order, as well as the document subsequently filed by the defendant, entitled "Defendant's Objections to the Plaintiff's Motion to Transfer to the District of New Jersey" which was submitted after the oral argument of July 12, 1976. While we have not adopted those Findings of Fact and Conclusions of Law, since rule 52(a), F.R.Civ.P., does not require findings of fact in ruling upon the motions before us, the facts which are discussed in this opinion constitute the basis for our ruling.

facts of the record before us are analyzed in light of the principles set forth in that case and the precepts which have evolved in other decisions dealing with transfer,[2] removal to the New Jersey forum is the proper course.

The plaintiff, Inductotherm, is a New Jersey corporation, having its offices and principal place of business in Rancocas, New Jersey. Plaintiff manufactures and sells "Lift Swing Furnaces" in New Jersey; most of those employees and officers of plaintiff, who would be expected to be witnesses at the trial of this action, work at Inductotherm's New Jersey facility. Plaintiff's business records, which may prove particularly relevant on the issue of non-infringement, are also located at headquarters in that state.

The defendant, Pillar, is a Delaware corporation, with its principal place of business in Milwaukee, Wisconsin. Pillar, for understandable reasons, prefers that this action be tried in Wisconsin, rather than in Pennsylvania or in New Jersey; many of Pillar's witnesses, and much of the documentary and physical proof which Pillar intends to submit at the trial, are located in that state. However, it is clear that a trial in Wisconsin would prove to be inconvenient to the plaintiff, Inductotherm.

Another factor which strongly persuades us that the New Jersey forum is preferable to Pennsylvania, and, indeed, under all of the circumstances of the case, preferable to Wisconsin, as well, *is the presence in New Jersey of a full time regional sales manager for defendant.* Discovery taken on the Pillar Motion unequivocally establishes that Pillar has important and meaningful contacts within that State: (1) Mr. Robert Knight, a full-time employee of Pillar and its Regional Sales Manager, maintains an office in East Brunswick, New Jersey, which is also his place of residence; (2)

Pillar, operating through Mr. Knight, has on at least one occasion, sold a "Lift Swing Furnace" in New Jersey; and (3) Mr. Knight has, on at least one occasion, made verbal references to the patent in issue, in a context which might arguably support Inductotherm's second cause of action.

Such facts establish venue and jurisdiction in the District of New Jersey, in contrast to the record before us which raises substantial questions as to the sufficiency of the Pillar contacts within Pennsylvania to sustain an action in this District. Neither plaintiff nor defendant is a resident of Pennsylvania. While plaintiff presumably believed, at the time it commenced this action, that the defendant's activities established some greater nexus with Pennsylvania than with New Jersey, subsequent augmentation of the record has undermined the substance of that belief.[3] Indeed, it is significant that plaintiff clearly conducted business principally, if not completely, from that State, and that defendant, of its own volition, has elected to locate a full-time regional sales manager for this area of the country in New Jersey, and not in Pennsylvania.

■ We believe that a choice among the three jurisdictions, Pennsylvania, New Jersey and Wisconsin, clearly eliminates this State when these criteria are considered. While we believe that the choice of New Jersey, under all of the circumstances before us, is most appropriate, defendant is not precluded by our accompanying Order, from attempting to persuade the District Court of New Jersey of the advisability of transferring the matter to Wisconsin, by a renewal of its transfer motion before that Court.

■ One other point has weighed heavily in leading us to this conclusion. It appears that the primary reason for bringing suit in

---

2. *See*, generally, *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); and *Aamco Automatic Transmissions, Inc. v. McAlpine*, 391 F.Supp. 302 (E.D.Pa.1975).

3. Plaintiff's counsel has acknowledged that this action was initiated in the Eastern District of Pennsylvania, primarily because of serious doubts as to whether personal jurisdiction and venue would lie in the District of New Jersey.

this district was for the convenience of counsel selected by plaintiff. While we are, of course, in sympathy with the natural desire of lawyers chosen by out-of-state corporations to conduct litigation in their own domain, the mischief which that concept can create is to be avoided, if no other compelling reason exists to support venue in the chosen forum. Obviously, while convenience of counsel is a factor to be considered, when litigation is instituted in a particular federal court, our discretionary powers should be utilized to prevent such an artificial creation of the situs for litigation if, as in this case, other factors, which militate in favor of transfer, far outweigh that single factor.

Accordingly, we find and conclude, for the reasons set forth, and in the interest of justice, that this action should be transferred to the United States District Court for the District of New Jersey. An appropriate Order will be entered.