Howard FOSTER and Karen Foster, suing derivatively as stockholders in the right and for the benefit of Compucorp, Plaintiffs,

v.

LITTON INDUSTRIES, INC. and Litton Business Systems, Inc. (including its division Monroe International Division), Defendants,

and

Compucorp, Nominal Defendant.

No. 76 Civ. 5157 (VLB).

United States District Court, S. D. New York.

Jan. 6, 1977.

Bailey, Marshall, Hoeniger & Freitag, New York City, for plaintiffs.

Litton Industries, Inc., New York City, Cutler & Cutler, Los Angeles, Cal., for defendants.

VINCENT L. BRODERICK, District Judge.

This action is brought by the plaintiffs derivatively as stockholders of Compucorp in the right and for the benefit of Compucorp. The complaint seeks relief for alleged violations of the Federal securities and anti-

trust laws, as well as for the alleged breach of certain common law duties owed by the defendants.

The defendants Litton Industries Inc. and Litton Business Systems Inc. (hereinafter collectively referred to as the "Litton defendants") move this Court for an order pursuant to 28 U.S.C. Section 1404(a) transferring this action to the United States District Court of the Central District of California. The Litton defendants present several factors which, they urge, support transfer.

First, the Litton defendants suggest that the convenience of all parties concerned would be best served by the transfer of this action to California.

It is undisputed that the named plaintiffs, Howard and Karen Foster, have been residents of California since 1974. Compucorp, which is named as a nominal defendant and is an indispensable party in this derivative action, is a California corporation with its principal place of business in the Central District of California. On October 26, 1976, Compucorp filed a petition under Chapter XI of the Bankruptcy Act in the United States District Court for the Central District of California, and the receiver for the corporation is also a resident of California. In addition, although Litton Business Systems, Inc. is a New York corporation and both Litton defendants apparently have substantial business activities in the New York-New Jersey-Connecticut area, both Litton defendants maintain their principal places of business in the Central District of California. The state of California is, therefore, a more convenient forum for all parties concerned.

Defendants also urge that the convenience of witnesses suggests the desirability of transfer to California. Indeed, of the fourteen witnesses listed by the parties, only one resides outside of the Central District of California, and that individual resides not in New York but in New Jersey. In addition, the records which will be pertinent in this case are not located in New York. Instead they appear to be divided between the Central District of California and the State of New Jersey.

Defendants further urge that the activities complained of did not occur in New York State. It is evident from an analysis of the complaint that none of the operative facts alleged occurred within the State of New York. The claims arise out of alleged activities which occurred in California and New Jersey.

■ Despite the absence of any substantial contacts with this District, plaintiffs contend that this Court should leave undisturbed their original choice of forum. Although plaintiff's choice of forum is entitled to considerable weight in the ordinary lawsuit, the absence of any contact by the forum state with the transactions underlying the cause of action reduces the weight to be given to plaintiffs' choice of forum. See *Ross v. Tioga General Hospital,* 293 F.Supp. 209, 211 (S.D.N.Y.1968); *Transcontinental Service Corp. v. True Temper Corp.,* 319 F.Supp. 920, 922 (S.D.N.Y.1970); *Duplan Corp. v. Deering Milliken, Inc.,* 324 F.Supp. 102, 104 (S.D.N.Y.1970). Moreover, this factor of plaintiffs' choice of forum is of even less significance in a shareholder's derivative suit. *Silverman v. Wellington Management Co.,* 298 F.Supp. 877, 879 (S.D. N.Y.1969) (Mansfield, J.); *Goodman v. Fleischmann,* 364 F.Supp. 1172, 1175 (E.D. Pa.1973); cf. *Shulof v. Westinghouse Electric Corp.,* 402 F.Supp. 1262, 1263 (S.D.N.Y. 1975).

Plaintiffs assert that Monroe International Division ("Monroe"), a division of Litton Business Systems, Inc., is the principal defendant in this action and that Monroe is headquartered in Orange, New Jersey.* From this they argue that the action should be kept in the Southern District of New York. This argument simply underscores the fact that the Southern District of New York is not the appropriate forum for this action.

* The named defendants in the action are: "Litton Industries, Inc. and Litton Business Systems, Inc. (including its division Monroe International Division)"

Plaintiffs have filed a motion to add an additional party plaintiff who is a resident of New York, but even if this motion were granted, this one additional contact with New York State is certainly insufficient to keep the action in this District when balanced against all the factors warranting transfer to the Central District of California.

■ Plaintiffs finally urge that the transfer motion should be denied because the Southern District of New York has a less congested calendar than does the Central District of California. Whether or not this is so, it is well-settled that the docket conditions of a District Court's calendar are merely accorded some weight and are not decisive in the determination of a transfer motion. See, e. g., *Brody v. American Medical Association,* 337 F.Supp. 611, 613 (S.D.N.Y.1971). Where, as here, the other relevant facts weigh overwhelmingly in favor of transfer, this factor certainly will not preclude the transfer of the action.

■ There is no question, on the facts before the Court, that the Central District of California is a jurisdiction in which this action could have been brought. Under all of the circumstances, the interests of justice require the transfer of this action to the Central District of California. The defendant's motion for transfer is hereby granted. Plaintiffs' request that the granting of this motion be deferred pending completion of discovery is denied. See *Goodman v. Fleischmann, supra* at 1176.

SO ORDERED.