**Jill V. STOLZ, etc., Plaintiff,**

v.

**Frank BARKER, Jr., et al., Defendants.**

No. C–78–267–S.

United States District Court,
M. D. North Carolina,
Salisbury Division.

Aug. 10, 1978.

dridge & Rice, Winston-Salem, N.C., for plaintiff.

Arthur A. Vreeland, of Stern, Rendleman, Isaacson & Klepfer, Greensboro, N.C., for defendants.

## ORDER

HIRAM H. WARD, District Judge.

On July 28, 1978, the United States Magistrate's Findings and Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. Thereafter the Court received plaintiff's objections to the Magistrate's Findings and Recommendation.

The Court has carefully reviewed the pleadings, briefs, the Magistrate's Findings and Recommendation and the plaintiff's objections thereto. If this were an action based solely upon Section 11 of the Securities Act of 1933, plaintiff's objections would be more persuasive. However, plaintiff's claim is likewise based upon Sections 10(b) and 14 of the Securities Exchange Act of 1934 and, further, seeks to involve the common law of Maryland under this Court's pendent jurisdiction. Considering the totality of plaintiff's claims, her objections do not change the substance of the Magistrate's Findings and Recommendation, which the Court affirms and adopts as its own. The assertion that plaintiff considers this matter appropriate for a motion for mandamus in the Court of Appeals deserves no comment.

It is, therefore, ORDERED that pursuant to 28 U.S.C. § 1404(a) this action be, and the same hereby is, transferred to the United States District Court for the District of Maryland, in the City of Baltimore, and that the Clerk of this Court is directed to transmit to the Clerk of that Court the complete record in this cause, including all papers filed, orders entered, and proceedings had in this action in this Court, certified under the seal of this Court.

## MAGISTRATE'S FINDINGS AND RECOMMENDATION

Otto G. Stolz, Kannapolis, N.C., W. P. Sandridge, Sr., of Womble, Carlyle, San-

Plaintiff brings this action individually and derivatively in the right and for the

benefit of Monumental Corporation. She owns "shares of Common Stock and $2 Cumulative Convertible Preferred Stock, Series A" of Monumental. Plaintiff claims that defendants violated Section 10(b) and Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and § 78n(a) and the regulations issued thereunder, and further claims violation of Section 11(a) of the Securities Act of 1933, 15 U.S.C. § 77k(a), as well as principles of common law.

Plaintiff states that Monumental Properties Trust (Trust) was formed pursuant to Maryland law to liquidate and sell or dispose of the assets of Monumental. Monumental has several classes of shareholders, and plaintiff complains that the partial liquidation is unfair to certain shareholder groups as well as to Monumental itself. The defendants include Monumental, Trust, certain officers and directors of Monumental, and the trustees of Trust. Plaintiff seeks to enjoin defendants from taking any action to consummate the plan of liquidation and to set aside any transfers which may have taken place. She also wants all defendants other than Monumental to account and pay over all damages sustained by Monumental and all profits and compensations made or received by them as a result of the acts and transactions complained of in the complaint.

Without filing an answer, defendants move to dismiss this action, citing Rules 12(b)(6) and 23.1, F.R.Civ.P. In addition, they move pursuant to 28 U.S.C. § 1404(a) for an order to transfer this case to the District of Maryland. Since the Court ultimately decides that the matter should be transferred, defendants' other motions should be left for decision by the transferee court. *McCrystal v. Barnwell Cty., South Carolina*, 422 F.Supp. 219 (S.D. N.Y.1976); *Goodman v. Fleischmann*, 364 F.Supp. 1172, 1176 (E.D.Pa.1973).

This Court has jurisdiction concerning claims involving federal security law violations. 15 U.S.C. § 77v(a) and § 78aa. The same is true of the District Court in Maryland. Moreover, venue would be proper in both Courts. Maryland would be a proper court for trial inasmuch as both Monumental and Trust are Maryland corporations and have their principal place of business in Baltimore and the conduct complained of arose there. Venue also properly lies in this District inasmuch as plaintiff received proxy, registration and prospectus statements in this state.

Prior to 1948, a court employing the principle of forum non conveniens would dismiss an action even though brought in the proper district, if trial in that district would create gross inconvenience to the litigants and witnesses. The drastic result of dismissing a case was ameliorated in 1948 by the enactment of 28 U.S.C. § 1404(a) which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In determining the appropriateness of transferring actions, the courts have developed a number of criteria.

> The court's discretion under section 1404(a) is broader than under the forum non conveniens doctrine, but the criteria applicable under the statute are substantially those developed under the older doctrine. These include: (1) the convenience to parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer. *Schneider v. Sears*, 265 F.Supp. 257, 263 (S.D.N. Y.1967) (footnotes deleted). Quoted in *McCrystal v. Barnwell Cty., South Carolina*, 422 F.Supp. 219, 222–23 (S.D.N.Y. 1976).

In addition to the above-listed criteria, in derivative or class action lawsuits, the courts often apply a center of gravity test. As set out in *Blender v. Sibley*, 396 F.Supp. 300, 302 (E.D.Pa.1975):

> In applying the statutory criteria of convenience of parties, convenience of witnesses, and the interests of justice, courts have frequently adopted a "center of gravity" rationale. See, e. g., *Firmani v. Clarke*, 325 F.Supp. 689, 692 (D.Del. 1971); *Levine v. Financial Programs, Inc.*, 318 F.Supp. 952 (S.D.N.Y.1969). Among the criteria considered under this approach are (1) the location of the corporate defendant's principal offices; (2) the residence of the individual defendants; (3) the residence of potential witnesses; (4) the location of pertinent documents and records; (5) the location where the challenged conduct was conceived, executed, and performed; and (6) where the suit is a class action, the residence of members of the alleged class.

Employing either set of factors, the Court comes away with the firm conclusion that this case is an appropriate one to transfer to the District of Maryland.

■ Plaintiff alleges that her choice of forum should be given grave consideration. She buttresses this claim by showing that Monumental conducts a large amount of business in North Carolina and owns substantial assets here. Also, she states that the broad venue provisions of the security laws evince a congressional intent to permit individuals to prosecute actions in their home state. However, other facts reduce the weight to be given to plaintiff's choice of forum. Aside from receiving a proxy, registration and prospectus statements in North Carolina, the complaint sets forth no other facts showing a relationship between the alleged fraud and this state. The main activity associated with plaintiff's complaint occurred in Maryland. In addition, this is a derivative, not an individual, action. As stated in *Foster v. Litton Industries, Inc.*, 431 F.Supp. 86, 87 (S.D.N.Y. 1977):

Although plaintiff's choice of forum is entitled to considerable weight in the ordinary lawsuit, the absence of any contact by the forum state with the transactions underlying the cause of action reduces the weight to be given to plaintiffs' choice of forum. See *Ross v. Tioga General Hospital*, 293 F.Supp. 209, 211 (S.D.N.Y.1968); *Transcontinental Service Corp. v. True Temper Corp.*, 319 F.Supp. 920, 922 (S.D.N.Y.1970); *Duplan Corp. v. Deering Milliken, Inc.*, 324 F.Supp. 102, 104 (S.D.N.Y.1970). Moreover, this factor of plaintiffs' choice of forum is of even less significance in a shareholder's derivative suit. *Silverman v. Wellington Management Co.*, 298 F.Supp. 877, 879 (S.D.N.Y.1969) (Mansfield, J.); *Goodman v. Fleischmann*, 364 F.Supp. 1172, 1175 (E.D.Pa.1973); cf. *Shulof v. Westinghouse Electric Corp.*, 402 F.Supp. 1262, 1263 (S.D.N.Y.1975).

■ Turning to the factors listed previously, the Court finds the convenience of the parties will be substantially enhanced by a transfer to Maryland. In a derivative action such as this, the plaintiff is almost an insignificant figure. Her testimony will address little more than her receipt of the proxy, registration and prospectus statements, or will be relevant only at a latter part of the trial concerning damages. *McCrystal v. Barnwell Cty., South Carolina, supra* at 223. On the other hand, plaintiff has charged the individual defendants with fraud and likely seeks substantial damages from them. Not only will their continual presence be required at trial, but, inasmuch as they are being charged with fraud, their live testimony could well be required to permit the jury to judge their demeanor. *McCrystal v. Barnwell Cty., South Carolina, supra*. Moreover, 12 of the 17 individual defendants are Maryland residents. Of the remaining five, two live in Tennessee and one each in New York, Ohio, and Arizona. Plaintiff's statement, that she will not call a large number of these defendants and will attempt to prove her case by presenting documentary evidence, completely misses the mark. Plaintiff has no right to force defendants to try the case on documents,

particularly in this type of action. These defendants surely have an active interest in defending themselves. *Shulof v. Westinghouse Electric Corporation*, 402 F.Supp. 1262 (S.D.N.Y.1975). *McCrystal v. Barnwell Cty., South Carolina, supra.*

■ Next, the Court turns to the convenience of witnesses and access to, and ease of, obtaining discovery material and presentation at trial. Defendants claim that they have expert witnesses in law and accounting from Maryland. In addition, a former official of the company from Maryland will testify. Both parties likely will have appraisers. Plaintiff claims that some of the evidence will concern appraisal of North Carolina property. The convenience of expert witnesses is entitled to some weight. This is particularly true where defendants' accounting and legal experts will testify to their *participation* in the incidents giving rise to the complaint. 15 Wright & Miller, *Federal Practice and Procedure* § 3852 (1976). The Court is not unaware that the parties likely will have additional witnesses. However, viewing the nature of this lawsuit, the Court does not believe that North Carolina witnesses (be they expert or nonexpert) will play a substantial part in this trial. The witnesses now listed come mainly from Maryland. On the facts as they now stand, Maryland is more convenient to the non-party witnesses.

■ In addition, most, if not all, the discovery in this case will be conducted in Maryland. The corporate and other documents relating to the events complained of are in the offices of Monumental and Trust in Baltimore. Most of the individual defendants and other persons who may be deposed live in or near Baltimore. The acts cited by plaintiff as illegal took place in Maryland. Indeed, should discovery disputes arise, they would be more effectively handled by a Magistrate or a District Court Judge in Maryland. *Blender v. Sibley, supra* at 304. Moreover, defendants' corporate business is less likely to be disrupted by

discovery and trial if the parties are being supervised by a Maryland District Court Judge. *Goodman v. Fleischmann, supra.*

Plaintiff argues that all relevant documents can easily be photocopied and transported to North Carolina, and that, in any event, defendants' North Carolina counsel will have copies of the documents that can easily be copied. Plaintiff assumes in this argument that defendants' North Carolina counsel will be conducting the defense and will have access to all the records. It may be, however, that defendants' Baltimore counsel will be in possession of any copies of the records. Thus, the transportation of those documents to North Carolina for either discovery or trial purposes could seriously inconvenience defendants.

Plaintiff's counsel also states that he would be willing to travel to Maryland to depose defendants' officers. As in *Blender v. Sibley, supra* at 304 n. 10, there is no need to accept defendants' labeling of this statement as disingenuous because plaintiff's counsel says both that he can conduct discovery in Baltimore but that it would be inconvenient for him to try the case there. It is sufficient to state that the convenience of counsel will not be a factor in this decision.

The Court notes that plaintiff's chief counsel (her husband who is general counsel for a large North Carolina corporation) has associated a large Winston-Salem law firm. The need for such an association will continue if plaintiff wishes to pursue this matter. Plaintiff recognizes that she could associate a firm in Baltimore as readily as one in Winston-Salem. Her only comment is that it would be inconvenient for her to have to educate another law firm. However, in a case of this nature, such inconvenience is inconsequential. Indeed, it seems that, if plaintiff were to employ Baltimore counsel to conduct discovery and prepare for trial, she, as well as defendants, would avoid considerable expense.[1]

---

1. The Court declines to accept plaintiff's invitation to recommend awarding her expenses for any extra costs incurred as a result of the decision to transfer this case. The transferee court can make any necessary adjustments in order to ease the additional burdens suffered by plaintiff. Defendants will also be expected to do their share.

Last, the interests of justice dictate a transfer of this action. To the extent that this case may depend on live testimony, a transfer to Maryland would facilitate the same and therefore increase the chances of obtaining a just and correct result. Next, inasmuch as this case may involve the common law of Maryland or the enforcement of any judgment or decree, a transfer to Maryland would be beneficial. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055, 1062 (1947); *Koster v. Lumbermens Mutual Cas. Co.*, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947); *Goodman v. Fleischmann, supra.*

■ Docket congestion is another factor appropriate for consideration. *Starnes v. McGuire*, 512 F.2d 918, 932 (D.C.Cir.1974); *Shulof v. Westinghouse Electric Corp., supra.* As of June 30, 1977, the civil case filings, in terms of absolute numbers and in terms of weighted case filings, in the Middle District of North Carolina were substantially greater per judgeship than in the District of Maryland. Likewise, the number of cases pending in this District per judgeship exceeded the number of pending cases per judgeship in the District of Maryland. *See* "Management Statistics for United States Courts 1977" (a report from the Director of the Administrative Office of the United States Courts to the Judiciary.) The median time interval in months between the filing and disposition of civil cases in the Middle District of North Carolina is the same as in the District of Maryland (8 months—9 months for all districts). However, the median time interval from filing to trial of cases disposed of by trial is much greater in this District than in the District of Maryland (32 vs. 19 months). *See* "Annual Report of the Director of the Administrative Office of the United States Courts 1977" in the "Reports of the Proceedings of the Judicial Conference of the United States", Table C–5 at 338. Because plaintiff seeks to enjoin the partial liquidation of the assets (valued at 650 million dollars), time could become important. The Trust agreement provides for a one-year period of liquidation from July 1, 1978, with only two one-year extensions. Thus, the relative docket congestion in this District appears to be a significant factor supporting a transfer to Maryland.

■ Applying the center of gravity approach mentioned previously does not change the result. The location of corporate defendants' offices, the residence of individual defendants and potential witnesses all center around Maryland. All the pertinent documents and records are there, and the conduct was conceived, executed and performed there. Venue is proper in North Carolina merely because the proxy statements were sent here. While plaintiff's direct or indirect control of shares is not insubstantial (approximate value of 1 million dollars), it also appears from statements of counsel that there are not a significant number of North Carolina shareholders owning Monumental but that the same could not be said as to the state of Maryland. Thus, using either the center of gravity test, or the usual factors involved in the transfer of cases, it is abundantly clear that both the discovery and the trial of this case would be more appropriately conducted in Maryland.

IT IS THEREFORE RECOMMENDED that an Order be entered directing the Clerk to transfer this cause to the District of Maryland.

IT IS ORDERED that the parties shall have five (5) days from the filing of this Recommendation to file their objections or responses.

(s) Russell A. Eliason
United States Magistrate