**Ida J. BOGGESS, as Administratrix of the Estate of Stanley F. Boggess, Deceased, Plaintiff,**

v.

**COLUMBIAN ROPE COMPANY, Defendant.**

United States District Court
S. D. New York.
Dec. 2, 1958.

Alfred S. Julien, New York City, for plaintiff.

Hiscock, Cowie, Bruce, Lee & Mawhinney, Syracuse, N. Y., Phillip T. Young, Syracuse, N. Y., of counsel for defendant.

IRVING R. KAUFMAN, District Judge.

Defendant moves for an order (1) staying further proceedings in this case (hereinafter the Federal Action) pending the trial of the issues in an action between the same parties for the same alleged injury now awaiting trial in the Supreme Court of the State of New York, Cayuga County (hereinafter the State Action), or (2) transferring the Federal Action to the United States District Court, for the Northern District of New York, pursuant to Section 1404(a) of Title 28 U.S.Code, for the convenience of parties and witnesses and in the interest of justice.

The Federal Action was commenced on October 9, 1958 and was brought to recover damages alleged to have been sustained by the plaintiff by reason of the wrongful death of her intestate, which occurred on August 4, 1957, at Cardington, Ohio.

It is the claim of the plaintiff that her intestate's death was caused by the negligence of the defendant in its manufacture of a defective rope, as a result of which the rope broke while plaintiff's intestate was engaged in painting a water tower causing him to fall and sustain the injuries which resulted in his death. The plaintiff alleges in her complaint that the rope was manufactured by the defendant at its plant in Auburn, New York.

The moving papers disclose that the State Action was commenced in the Supreme Court of the State of New York, New York County, on August 1, 1958, and subsequently removed to the Supreme Court, Cayuga County, located in the Northern District of New York.

It further appears that the plaintiff is a resident of the state of Pennsylvania and that the defendant has its principal office and place of business at Auburn, New York, and that the only persons who are familiar with relevant facts reside in Fremont, Ohio, and in Auburn, Cayuga County, New York.

The papers inform me further that the trial of the State Action can be heard without delay by the Honorable Arthur E. Blaufelt, Justice of the Supreme Court of the State of New York, and a jury, sitting in the Supreme Court of Cayuga County, before a trial can be had in the Federal Action, and, indeed, this point was argued with vigor at the hearing on this motion.

The defendant, therefore, urges that in the interest of time, effort, avoidance of multiplicity of actions, comity between federal and state courts and the orderly administration of justice the proceedings in this action should be stayed until the issues in the prior action now pending in the state court have been determined.

■■ It is quite clear that the district court has power to stay proceedings in a suit pending before it but whether this power should be exercised is addressed to its sound judicial discretion. Landis v. North American Co., 1936, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153. In Mottolese v. Kaufman, 2 Cir., 1949, 176 F.2d 301, 302, Judge Learned Hand, writing for the majority of the court, stated:

"It is probably true that originally the statutory privilege of access to a federal court was regarded as absolute and indefeasible, no matter whether its exercise resulted in inconvenience, delay and expense to the defendant. There can be no doubt, however, that this is no longer true."

The power to stay a federal action presenting the same issues as a prior state action has been exercised frequently. See Mottolese v. Kaufman, supra;

Butler v. Judge of United States District Court, 9 Cir., 1941, 116 F.2d 1013; Brendel v. Smith, D.C.S.D.N.Y.1942, 46 F.Supp. 522; Maternally Yours v. Your Maternity Shop, Inc., D.C.S.D.N.Y.1950, 89 F.Supp. 167.

Landis v. North American Co., supra, 299 U.S., at pages 254–255, 57 S.Ct. at page 166, recognized this principle:

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."

Furthermore, the defendant urges that the facts in the case require a transfer under 28 U.S.C. § 1404(a) and the allegations in support of the transfer application would seem to warrant the granting of such an order.

The exercise of the court's discretion in granting a stay of a subsequently instituted federal court action in a district distant from the witnesses so that the state court action pending in a district convenient to the defendant and the witnesses may go forward differs little from the power of the court to transfer the entire action to the convenient United States District Court which in this instance would be located in the Northern District of New York. See Mottolose v. Kaufman, supra, 176 F.2d at page 303.

■ However, it remains to be determined whether any substantial procedural disadvantages would result to the plaintiff as a result of the stay of the federal action. It is quite true that the discovery provisions in the federal courts are more liberal than those under the Civil Practice Act and Rules of the Supreme Court of the State of New York. In view of this, I believe that the plaintiff should have whatever advantages or privileges of discovery may be afforded by the Federal Rules. I cannot imagine any other disadvantage to the plaintiff in going forward with its previously commenced state court action. Therefore, the plaintiff will be permitted to go forward without delay with her discovery proceedings in the Federal Action and the Federal Action will be stayed for all other purposes upon condition that the defendant will consent to the use of these interrogatories or depositions in the State Action. However, if the defendant refuses to allow the examinations, if and when taken, to be used in the State Action, this action shall proceed in all respects without a stay.

In view of the disposition upon the motion to stay the instant action, I do not deem it necessary to take any action with respect to the defendant's application to transfer to the Northern District of New York. It would appear, however, that were I compelled to rule upon such application I would be led to the conclusion that the defendant had made out a strong case for transfer based upon the convenience of the parties, the convenience of the necessary witnesses and in the interests of justice. In this connection it may be said briefly that the plaintiff resides in Pennsylvania, the death of the intestate occurred in Cardington, Ohio, located in the Eastern Division of the Southern District of Ohio, and that the alleged negligent manufacture of the rope took place at the defendant's plant in Auburn, New York. The United States District Court, for the Northern District of New York is substantially closer to Fremont, Ohio, where officials of the Continental Fremont, Inc., employers of the plaintiff's intestate, and the individuals who can testify as to the order for the purchase of the rope, the use made of said rope and the care and caution exercised with respect to it, reside, and furthermore is the district court which embraces Auburn, New York, where all of the witnesses who can testify as to the steps taken in the manufacture of the rope, reside.

■ Plaintiff offers merely the feeble answer that her choice of forum is entitled to great weight. I agree that the

choice of forum is entitled to weight but in the circumstances existent here, it appears that this district court is merely a forum for which the plaintiff has shopped, without any particular local interest in the parties or the subject matter, and in such circumstances the choice of such forum is entitled to less weight.

Settle order.