**DUPLAN CORP., Plaintiff,**

v.

**DEERING MILLIKEN, INC., Deering-Milliken Research Corp. and Moulinage et Retorderie de Chavanoz, Defendants.**

No. 69 Civ. 5197.

United States District Court,
S. D. New York.

Oct. 15, 1970.

Willkie, Farr & Gallagher, New York City, for plaintiff.

Paul, Weiss, Goldberg, Rifkind, Wharton & Garrison, New York City, for defendants.

EDELSTEIN, District Judge.

## OPINION

This is a motion by defendants Deering Milliken, Inc. (DMI) and Deering Milliken Research Corporation (DMRC) to transfer this case to the District of South Carolina, Spartanburg Division, pursuant to 28 U.S.C § 1404(a).[1]

This action is one of several now pending between DMRC and its licensees under certain patent licenses. (The patents covered by the licenses relate to various processes for giving fibers a false twist, and are referred to as "FT patents," and "FT licenses.") A third defendant, Moulinage et Retorderie de Chavanoz ("Chavanoz") is named in the complaint. Chavanoz is a French Company and the owner of the FT patents.[2] It has granted to DMRC an exclusive license to use and sublicense its patents in the United States. Duplan asserts that the FT licenses are unenforceable. In its complaint it seeks in part declaratory judgment that the FT patents are invalid or are not infringed by plaintiff, and an injunction and treble damages based on alleged misuse of the FT patents. Some other licensees make similar claims in actions instituted in North Carolina. All of these licensees, including Duplan, are sued federally by DMRC in South Carolina.

■ In the case at bar the action should be transferred to the District of South Carolina. South Carolina is the district with the most substantial contacts with the issues in dispute and where related actions involving substantially identical issues and subject matter are pending.[3] The presence of related actions and issues in South Carolina is a persuasive reason for the decision to transfer. As noted there are several litigations between DMRC and FT licensees pending in the District of South Carolina. The District of South Carolina is where all such disputes about the validity and enforceability of the FT license agreements can be resolved. Transfer to South Carolina could expedite a final determination of the right of DMRC to enforce the FT licenses. It is only in the District of South Carolina that all the FT licensees who have challenged the validity of the agreements are present as defendants.[4]

1. 28 U.S.C. § 1404(a) provides:
   "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

2. Chavanoz has made a motion, which this court needs not now decide, to dismiss this action against it on the grounds that jurisdiction is wanting over the person of Chavanoz, that venue is improper, and that service of process on Chavanoz was insufficient.

3. Following the Supreme Court decision in Lear, Inc. v. Adkins, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969), DMRC and the fourteen sublicensees have become involved in litigation involving the validity of the underlying patents. The issues in dispute are the validity and infringement of the FT patents and the nature of the contracts underlying those patents. Multidistrict Litigation Involving Deering Milliken Patent Docket No. 49 (Aug. 21, 1970; unpublished).

4. DMRC is the plaintiff in eleven cases in the District of South Carolina and two cases in the Western District of Virginia. The sublicensees are plain-

Trial in New York could track the South Carolina litigation, including the whole panoply of pretrial maneuvers. It is in the interests of justice to seek to minimize the number of forums where litigation is held. Schneider v. Sears, 265 F.Supp. 257, 266–267 (S.D.N.Y. 1967). It is also in the interests of the parties to keep litigation expenses to a minimum. In Schlusselberg v. Werly, 274 F.Supp. 758, 764 (S.D.N.Y.1967), the court indicated that it "would be compelled" by the pendency in Boston of two similar actions to transfer the case.

Duplan argues, in favor of litigating this case in the Southern District of New York, that it brought an action here approximately three weeks before DMRC instituted its South Carolina action against Duplan. Duplan admits that the South Carolina action against it and the one here involve substantially the same issues. In Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., 267 F.Supp. 938 (S.D.N.Y. 1967) the dispute was also over whether certain patents were infringed. The alleged infringer, Sweetheart Plastics, brought a declaratory judgment action in the Southern District against the patentee, Illinois Tool Works. Two weeks later Illinois Tool sued Sweetheart in the Northern District of Illinois. Although Illinois Tool Works had a New York office, the case was transferred to Illinois. Judge Weinfeld observed that Illinois was a more convenient forum for Illinois Tool Works and that Sweetheart Plastics, a Massachusetts based corporation, would be little more inconvenienced by an Illinois trial than by a New York trial. Supra at 942. Duplan's attempts to distinguish the Sweetheart case by

overemphasizing the significance Judge Weinfeld attached to the pendency of other actions in the Northern District of Illinois is unconvincing. Neither Duplan's priority in starting suit nor Duplan's choice of forum is entitled to determinative weight. Courts have held that minimal weight should be given to plaintiff's choice of forum where the plaintiff has chosen a district having no strong or substantial connection with the parties or the subject matter. Ross v. Tioga General Hospital, 293 F.Supp. 209, 211 (S.D.N.Y.1968); Boggess v. Columbian Rope Co., 167 F.Supp. 854, 856 (S.D.N.Y.1958).

Duplan has not shown that New York has a strong connection with the issues in question. Duplan, a Delaware corporation, while having a large sales and executive office in New York, has offices, warehouses, and manufacturing facilities in forty-six other states. It is Duplan's texturizing manufacturing facility in Dillon, South Carolina, which employs the "FT patents." DMRC is a South Carolina corporation whose facilities, records, offices and employees are in South Carolina. The license agreement, the subject matter of the dispute, was entered into in South Carolina and was to be performed there. It is in South Carolina where royalty payments were made, where reports were submitted, where services, testing and research activities and the furnishing of training and technical information were performed by DMRC for Duplan. If the patents were infringed then this occurred in South Carolina. The defendants' argument that it will be necessary to view the South Carolina machinery in operation has some persuasive value. It

tiffs against DMRC in eleven actions in the Middle District of North Carolina and in one action in the Southern District of New York. The litigation now encompasses 25 actions pending in four different districts. Multidistrict Litigation Involving Deering Millikin Patent. Docket No. 49 (Aug. 21, 1970); unpublished).

It has been alluded to in the parties' papers that "forum shopping" produced

this array of actions in different districts. DMRC's choice of forum in South Carolina is accepted because DMRC began action against the alleged infringers in South Carolina suits prior to the institution of North Carolina suits. The South Carolina defendants then chose to institute suits as plaintiffs in North Carolina.

is remotely possible that the trier of the facts might be aided by a view of the machines in South Carolina.

The primary dispute in this case is between the sublicensor, DMRC, and the sublicensee, Duplan. DMI claims it has nothing to do with the license agreements in dispute since DMRC, although owned by DMI, is seen as an independent corporation. DMI does not manufacture under the FT patents in New York, nor does it have an agreement with Duplan which relates to the patents. DMI states that DMRC, based and operated solely from South Carolina, grants and is responsible for the administration of the licenses.

The court is satisfied that transfer to the District of South Carolina, Spartanburg Division, would best serve the convenience of the parties and the interests of justice.

Motion to transfer is granted.

So ordered.