Kay Rosaire MOWREY and James A. Mowrey, Plaintiffs,

v.

JOHNSON & JOHNSON, Pitman-Moore, Inc., and Pitman-Moore, Ltd., Defendants.

Civ. A. No. 81–134 Erie.

United States District Court, W. D. Pennsylvania.

Oct. 27, 1981.

Roger Taft, MacDonald, Illig, Jones & Britton, Erie, Pa., for plaintiffs.

G. Daniel Carney, Glenn E. Bost, II, Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendants.

## OPINION

WEBER, Chief Judge.

At first blush it may seem unusual for a United States District Court in Pennsylvania to be presiding over a controversy between residents of Florida, New Jersey and Canada, involving the death of African lions in Quebec. Yet in this diversity case that is precisely what we are called upon to do.

On June 12, 1979, six trained African lions, performers with the Gatini Circus, suddenly and mysteriously became ill while touring with the circus in Quebec Province, Canada. Ultimately all six of the animals succumbed to this illness, the last of the troupe dying in Erie, Pennsylvania, in September 1979.

Two years later, on June 12, 1981, the owner-trainers of these lions, residents of Florida, filed this action in the United States District Court for the Western District of Pennsylvania. In their complaint the plaintiffs named three defendants— Johnson & Johnson, Pitman-Moore, Inc., and Pitman-Moore, Ltd. Johnson & Johnson, and Pitman-Moore, Inc. are New Jersey corporations. Pitman-Moore, Ltd. is a Canadian corporation.

According to the plaintiffs' complaint these defendants manufacture, distribute and sell animal pharmaceuticals throughout the United States and Canada. One product produced by these defendants is Telmin B, an animal de-wormer which is frequently used for the worming of horses and other large animals, but which is highly toxic to felines. The plaintiffs allege that their lions died as a result of ingestion of Telmin B. The plaintiffs further allege that none of the packages or labels under which Telmin B was distributed indicated that that product was toxic to felines. According to the plaintiffs this failure by the defendants to so label these packages constituted negligence, a breach of warranties and gave rise to strict liability in tort. The plaintiffs demanded as damages the purchase price of the lions, the cost of the medical expenses associated with their illness and the profits lost by the plaintiffs as a result of their deaths.

The defendants have responded by filing a motion to dismiss. In this motion defendants raise two principal arguments.[1]

First, they contend that venue does not lie over the instant case under 28 U.S.C. § 1391. In the alternative, defendants argue that the doctrine of forum non conveniens and 28 U.S.C. § 1404 mandate dismissal of this action. We reject both of these

---

1. Initially the defendants also argued that this action was barred by the appropriate statute of limitations. We have since been informed by counsel that the defendants have abandoned this position. Therefore, we will not address this issue.

arguments. Accordingly, we deny the defendants' motion to dismiss.

■ Turning initially to the question of venue under 28 U.S.C. § 1391 we recognize that proper venue is a prerequisite to maintaining an action in federal court. Accordingly, once venue is challenged the plaintiffs bear the burden of proving that venue is properly laid in a specific district. *Lieb v. American Pacific International, Inc.*, 489 F.Supp. 690, 696 (E.D.Pa.1980); *Hawkins v. National Basketball Assoc.*, 288 F.Supp. 614, 615 (W.D.Pa.1968).

In this case federal jurisdiction is founded solely on diversity of citizenship. Therefore, 28 U.S.C. § 1391(a) describes the limitations on proper venue in this action. That section, in pertinent part, provides that:

> A civil action ... may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

■ In this action the plaintiffs attempt to meet their burden of proving proper venue under 28 U.S.C. § 1391(a) in two ways. First, plaintiffs contend that the three defendant corporations "reside" in the Western District of Pennsylvania. Second, plaintiffs argue that their claims arose in this district because, inter alia, one of the lions died in Erie, Pennsylvania. On the former of these two grounds we believe that the plaintiffs have met their burden of proving proper venue. Therefore, for this reason, we deny defendants' motion to dismiss for improper venue.

The defendants in this action are two New Jersey corporations, Johnson & Johnson and Pitman-Moore, Inc. and a Canadian corporation, Pitman-Moore, Ltd. The residence of domestic corporations for venue purposes is generally defined by 28 U.S.C. § 1391(c), which describes corporate residence in the following terms:

> A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business and such judicial district shall be regarded as the residence of such corporation for venue purposes.

In this case it is conceded by the parties that Johnson & Johnson and Pitman-Moore, Inc. both do business in the Western District of Pennsylvania. Accordingly, we conclude that venue is proper over these defendants in this district.

As for Pitman-Moore, Ltd., as a Canadian corporation it is treated as an alien for the purposes of establishing proper venue. See, e. g. *Brunette Machine Works, Ltd. v. Kockum Industries, Inc.*, 406 U.S. 706, 92 S.Ct. 1936, 32 L.Ed.2d 428 (1972); *General Aircraft Corporation v. Air America, Inc.*, 482 F.Supp. 3 (D.C.D.C.1979). Under 28 U.S.C. § 1391(d), an alien is subject to suit in any judicial district. Therefore, venue is also proper as to Pitman-Moore, Ltd.

Because we have determined that venue is proper in this district on the basis of the residence of the defendants here, we need not address any of the other contentions raised by plaintiffs. Specifically, we do not now determine whether plaintiffs' cause of action arose in this district.

In the alternative the defendants argue that, even if venue is proper, dismissal of this action is mandated both by 28 U.S.C. § 1404 and by the common law doctrine of forum non conveniens.

■ The first of these arguments requires little discussion. 28 U.S.C. § 1404(a), by its express terms, allows a District Court to transfer a civil action to any other district where it might have been brought, for the convenience of the parties. 28 U.S.C. § 1404(a) does not, however, provide for the dismissal of an action. See, *Mars, Inc. v. Standard Brands, Inc.*, 386 F.Supp. 1201, 1204 (S.D.N.Y.1974); 1 Moore's Federal Practice, ¶ 0.145(3.–1) at 1585 (1980). Therefore, the sanction of dismissal sought by the defendants in this motion is not available under § 1404(a).

■ This sanction is proper, however, under the doctrine of forum non conveniens. Forum non conveniens is an ancient common law doctrine which permits a court to refuse jurisdiction over a case, even

though venue is proper, when the exercise of that jurisdiction would be unduly vexatious or burdensome to the defendant.

In practice forum non conveniens has been described as a concept that is "simple in enunciation, but complex in application". *Reyno v. Piper Aircraft Co.*, 630 F.2d 149, 157 (3d Cir. 1980). The reason for this complexity in application is that any inquiry into a question of forum non conveniens requires consideration of a multitude of competing factors.

These competing factors are generally divided into two classes. The first class consists of the private interests of the litigants in proceeding with the action in the forum chosen by the plaintiff. In balancing these competing private interests, courts have frequently looked to a number of factors, including:

"... the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses, possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of the case easy, expeditious and inexpensive. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

Other essentially private interests considered by the courts are the ability of the defendants to implead third parties; *Koster v. Lumbermen's Mutual Co.*, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947), and the enforceability of any judgment that is obtained.

It is also recognized, however, that "factors of public interest ... have a place in applying the doctrine" of forum non conveniens. *Gulf Oil Corp. v. Gilbert*, supra, 330 U.S. at 508, 67 S.Ct. at 843. This consideration of public interest factors focuses primarily on the administrative burdens that litigation in an inconvenient forum poses on the forum court. Specific public interest factors considered by the courts in assessing the administrative convenience of proceeding with an action include the burden of jury duty on people of a community

that has no relation to the litigation and the extent to which the forum court must interpret and apply foreign law in resolving the case. See, *Gulf Oil Corp. v. Gilbert*, supra, at 509, 67 S.Ct. at 843.

■ Finally, in striking this balance we recognize that the application of the doctrine of forum non conveniens presupposes that venue is proper in the forum district. See, *Timberlane Lumber Co. v. Bank of America S.A.*, 549 F.2d 597, (9th Cir. 1976). Accordingly, the plaintiffs' choice of forum should only be disturbed in exceptional cases, and then only when the balance of these public and private interests strongly favors the defendant. Therefore, the burden of proof on the question of forum non conveniens rests with the defendant. See, e. g. *Gulf Oil Corp. v. Gilbert*, supra; *Fitzgerald v. Texaco Inc.*, 521 F.2d 448 (2d Cir. 1975); *Olympic Corp. v. Societe Generale*, 462 F.2d 376 (2d Cir. 1972); *Hoffman v. Goberman*, 420 F.2d 423, 426 (3d Cir. 1970).

In this case we feel that the defendants have not met their burden of proof on the question of forum non conveniens. Therefore, we must deny this motion to dismiss.

Turning initially to a consideration of the private interests of the parties, we note that the defendants have argued that the trial of this action could be conducted far more efficiently in Quebec. As part of this argument the defendants contend that Quebec is a more convenient forum for the witnesses in this action. Therefore, defendants urge a forum non conveniens dismissal of this action, in part, to accommodate the witnesses.

■ There are, however, two problems with this argument. First, at the outset, the defendants have failed to adequately support their contention that this forum is inconvenient to potential witnesses. It is clear that "if a dismissal is to be premised on the convenience of witnesses more than a mere allegation to that effect is required." *Reyno v. Piper Aircraft Co.*, supra, at 160. Rather, the defendant must establish, with specificity, inconvenience to witnesses that is sufficiently prejudicial to justify dismissal.

■ In this case the defendants merely assert that most of their anticipated witnesses are Canadian citizens. They do not specify who these witnesses might be or what their anticipated testimony would be. Such a general allegation, by itself, is inadequate to establish inconvenience to the witnesses sufficient to justify dismissal. See generally 15 C. Wright, A. Miller & E. Cooper, Fed. Practice and Procedure, § 3851 at 270–71 (1976); *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145 (10th Cir. 1968); *Folansbee Metals Co. v. John T. Clark & Son of New Hampshire, Inc.*, 387 F.Supp. 574 (E.D.Pa.1974), (general allegation of inconvenience insufficient under 28 U.S.C. § 1404).

■ But more fundamentally we feel that defendants' argument on this point fails because there is no real substantial hardship to any witnesses if this action is tried in Erie, Pennsylvania. At the outset we note that the plaintiffs' expert witness, the veterinarian who treated the last of the lions, resides in Erie, Pennsylvania. If we dismiss this action and the plaintiffs bring suit in Quebec this critical plaintiffs' witness would be required to travel to Quebec to testify. Thus, dismissal of this action would undoubtedly inconvenience one of the plaintiffs' principal witnesses. Therefore, as between Quebec and Pennsylvania, the balance of convenience seems to be fairly even. At any rate, we believe that the distance between Quebec Province and Pennsylvania is not so great as to present undue hardship to any witness. Therefore, we would not grant forum non conveniens dismissal of this action on the theory that Quebec is a more convenient forum for the witnesses.

The defendants also argue that, at present, they are unable to compel the attendance at trial of many witnesses who are Canadian citizens. In addition they urge that their inability to implead certain third party defendants, also Canadian citizens, severely prejudices their defense of this action. For these reasons the defendants request a forum non conveniens dismissal of this case.

■ These allegations raise a far more serious question in our mind. The availability of compulsory process and the ability to implead third parties are both highly relevant to any consideration of forum non conveniens dismissal. See *Reyno v. Piper Aircraft Co.*, supra; *Fitzgerald v. Texaco, Inc.*, supra. However, it is clear that neither the inability to implead third parties nor the lack of compulsory process necessarily mandates forum non conveniens dismissal of an action. See, *Olympic Corp. v. Societe Generale*, supra. Rather the court must determine whether, on the facts of the individual case, these factors so prejudice the defendants that dismissal of the action is proper.

■ In this case we do not feel that the defendants' inability to implead a Canadian third party defendant or compel attendance of Canadian witnesses unduly prejudices their defense of this action. Turning initially to the question of impleader we note that the defendants have indicated a desire to join the Canadian veterinarian who sold the Telmin B to the plaintiffs as a third party defendant. While such impleader may be useful to the defendants in the presentation of their case, we do not feel that the inability of the defendants to effect such third party joinder results in any substantial prejudice to them. Even without impleader of this third party the defendants could argue at trial that the acts or omissions of the Canadian veterinarian caused the death of the lions. Moreover, if a judgment was obtained against the defendants in this action they would then be free to bring suit against the Canadian veterinarian in Quebec. Therefore, while we recognize that trial of this action in Pennsylvania is more burdensome to the defendants we do not believe that it would be inherently unfair to them. See, *Reyno v. Piper Aircraft, Inc.*, supra; *Olympic Corp. v. Societe Generale*, supra.

■ Nor do we accept the defendants' arguments that they are prejudiced by their inability to compel the attendance of Canadian witnesses at the trial. On this issue

we feel that the defendants' proof of prejudice is wholly deficient. The defendants do not indicate who these Canadian witnesses are. Nor do the defendants indicate what the testimony of these unnamed witnesses would be. In fact the defendants do not even show that these prospective witnesses would be unwilling to voluntarily attend proceedings conducted in Pennsylvania. Therefore, on the record as it now stands, we are totally unable to determine how the defendants are prejudiced by this lack of compulsory process.

Finally, in striking this balance of private interests, we note that there is at least one compelling factor which weighs heavily in the plaintiffs' favor. Forum non conveniens dismissal is premised on the principle that there is another more convenient forum available to the plaintiff. See, *Odita v. Elder Dempster Lines, Ltd.*, 286 F.Supp. 547, 551 (S.D.N.Y.1968). In this case no such alternate forum may be available to plaintiffs.

The only other forum which is arguably more convenient to the parties is Quebec Province, Canada. Under the law of Quebec, however, many of the plaintiffs' claims may be barred at this time by the statute of limitations. See, *Quebec Civil Code* § 2261(1), (2 year statute of limitations applies to actions in tort). Therefore a forum non conveniens dismissal of this action might totally foreclose the plaintiffs from any judicial resolution of their claims. Because a forum non conveniens dismissal at this time could severely prejudice the plaintiffs in their efforts to receive an adjudication of this matter we must deny the defendants' motion. See, e. g. *Esso Transport Co. v. Terminales Maracaibo C.A.*, 352 F.Supp. 1030 (S.D.N.Y.1972); *Odita v. Elder Dempster Lines, Ltd.* supra; see also, Restatement 2nd, Conflicts of Law, § 84, comment c.

Moreover, we believe that this conclusion is in no way altered by the public interest factors that are relevant to forum non conveniens dismissal. At the outset we note that many of these public interest factors are not in any way involved in this case.

For example, a trial of this action will not impose any great hardship on jurors in Pennsylvania. Nor is this an action over which Canada would have a peculiar national interest.

The defendants argue, however, that forum non conveniens dismissal is in the public interest in this case because this court will be required to interpret and apply Canadian law in resolving this matter. Even if we assume that Canadian law applies in this case we do not believe that this factor justifies forum non conveniens dismissal.

We recognize that difficulties in the application of foreign law are relevant to a determination of forum non conveniens. However, it is also clear that "the mere fact that the court is called upon to determine and apply foreign law does not present a legal problem of the sort that would justify dismissal of a case properly before the court." *Hoffman v. Goberman*, 420 F.2d 423, 427 (3d Cir. 1970). In this case the defendants have merely asserted that Canadian law would apply. They have not demonstrated that the application of Canadian law would create any unusual difficulties in the trial of this action. Therefore, we would not allow this factor to support a forum non conveniens dismissal of the instant case.

The Defendants' Motion to Dismiss will be denied.