Paul **HADDAD**, et al., Plaintiffs,

v.

**RICHARDSON–MERRELL, INC.**, Defendants.

No. C80–1722.

United States District Court, N.D. Ohio, E.D.

June 14, 1984.

Arthur G. Raynes, Alan Herman, Raynes, McCarty, Binder, Ross & Mundy, Philadelphia, Pa., Donald P. Traci, Spangenberg, Shibley, Traci & Lancione, Cleveland, Ohio, for plaintiffs.

Peter Perretti, Benjamin Michel, Riker, Danzig, Scherer & Hyland, Morristown, N.J., R. Crawford Morris, Susan Raabe, Arter & Haddens, Cleveland, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

This matter is before the Court on defendant's renewed motion for dismissal of the action on the grounds of *forum non conveniens.* The Court previously denied defendant's motion for dismissal on *forum non conveniens* grounds, *Lake v. Richardson-Merrell, Inc.,* 538 F.Supp. 262 (N.D. Ohio 1982), and the United States Court of Appeals for the Sixth Circuit denied defendant's petition for leave to appeal. Defendant argues, however, that the recent decision of the United States Court of Appeals for the Sixth Circuit in *Dowling v. Richardson-Merrell, Inc.,* 727 F.2d 608 (6th Cir.1984), mandates that the Court reevaluate its earlier decision and, upon such an examination, dismiss the case. Upon due consideration of the Sixth Circuit's opinion in *Dowling,* the operative facts of this case, and other recent opinions concerning *forum non conveniens* in the context of regulated industries and foreign plaintiffs, the Court concludes that defendant's motion to dismiss must again be denied.

In its earlier decision, the Court carefully evaluated defendant's motion under the standard set down by the U.S. Supreme Court in *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) and will not in this memorandum engage in a *de novo* appraisal of the factors to be considered and weighed when a party moves for dismissal on the grounds of *forum non conveniens.* Rather, at this time the Court will examine defendant's contention that *Dowling* mandates a reversal of the Court's previous decision.

### I.

In *Dowling v. Richardson-Merrell, Inc.,* 727 F.2d 608 (6th Cir.1984), the Sixth Circuit affirmed a dismissal of the United States District Court for the Southern District of Ohio on the grounds of *forum non conveniens.* The district court had before

it motions to dismiss twelve cases alleging injuries due to the ingestion of the drug Debendox by the mothers of plaintiffs born in the United Kingdom. The cases were originally filed in the United States District Court for the Southern District of New York but were transferred to the Southern District of Ohio, where more than one hundred cases were pending against the defendant for multi-district pretrial discovery.[1] The district court held that Ohio had no significant interest in the retention of matters concerning the manufacture and sale of drugs in the United Kingdom, that English law would be applied, and that the majority of the sources of proof were to be found in the United Kingdom. The Court rejected plaintiffs' contention that the presence of other suits against defendant concerning Bendectin necessitated that the English cases be retained. Having weighed the many private and public factors in the case before it, the court concluded that on balance the action was properly heard in the United Kingdom and dismissed the cases subject to certain conditions. *In re Richardson-Merrell, Inc.,* 545 F.Supp. 1130, 1134 (S.D.Ohio 1982).

Plaintiffs appealed the district court's decision, arguing that it had clearly abused its discretion in dismissing the action. On appeal, the Sixth Circuit held that the plaintiffs had failed to show such a clear abuse of discretion. Reviewing the district court's decision, the Sixth Circuit held that the interests of a foreign nation in a regulated industry such as pharmaceuticals must be considered in a *forum non conveniens* motion and may appropriately be pointed to in determining that actions involving foreign causes of action should be heard in the nation of origin. The Court also held that the district court had not erred in not requiring the defendant to produce a list of witnesses that defendant intended to call at trial to show that a trial in Ohio would inconvenience the defendant. Rather, the appeals court held that a defendant need only provide enough informa-

tion to enable the trial court to balance the parties' interests, *Dowling v. Richardson-Merrell, Inc.,* 727 F.2d 608, 615 (6th Cir. 1984).

## II.

It has been stated that "the determination to dismiss on the basis of *forum non conveniens* is fundamentally a matter of the trial court's discretion." *In re Richardson-Merrell, Inc.,* 545 F.Supp. 1130, 1136 (S.D.Ohio 1982). As the Sixth Circuit has announced,

> Each application of the doctrine of *forum non conveniens* requires consideration of the factors shown to be relevant to the decision in a particular case. The factual setting in each case prescribes the factors which are relevant. When a trial court considers both public and private factors and engages in a balancing of interests, its decision must be upheld in the absence of a clear abuse of discretion.

*Dowling v. Richardson-Merrell, Inc.,* 727 F.2d 608, 616 (6th Cir.1984).

In *Dowling,* the Sixth Circuit held that the district court had properly considered the relevant factors and had engaged in the appropriate balancing and that its conclusion did not constitute a clear abuse of discretion. The Court did not, however, indicate that a different conclusion of the district court under the same or similar circumstances would have been an abuse of its discretion. This much was recognized by the district court in its opinion, where the court referred to the earlier ruling in this Court. *See, In re Richardson-Merrell, Inc.,* 545 F.Supp. 1130, 1136 (S.D.Ohio 1982).

## III.

This Court would be in error, however, if it refused or failed to consider relevant factors noted by the appeals court as appropriate in the determination of a motion

---

1. The cases consolidated in the Southern District of Ohio alleged injuries by American plaintiffs due to the ingestion of the drug Bendectin by their mothers during pregnancy. Debendox was alleged to be identical to Bendectin.

for *forum non conveniens.* Therefore, the Court, keeping in mind its earlier decision and the factors considered and balanced therein, will examine those areas that defendant argues must be reevaluated under *Dowling.*

The Court noted in its previous decision that the defendant had "produced strong arguments for dismissing the five above-captioned cases for *forum non conveniens." Lake,* 538 F.Supp. at 275–76. However, upon balancing the public and private factors, it was concluded that the matters should be heard in the Northern District of Ohio. Defendant now argues that such a conclusion was incorrect, mainly, for three reasons: (1) the Court erred in determining that Ohio law would be applied; (2) the Court failed to consider a new factor, "the nature of a product and its status as regulated or not regulated," and (3) the Court erred in requiring defendant to specify the witnesses that it contended were important to its defense but outside the subpoena power of the Court. Although the many public and private factors that are to be considered in *forum non conveniens* are such that one blends into another, the defendant's arguments will be evaluated.

A. *Choice of law.* In its earlier decision this Court concluded that under Ohio choice of law a governmental interest analysis was to be applied, *see Moats v. Metropolitan Bank of Lima,* 40 Ohio St.2d 47, 319 N.E.2d 603 (1974). Applying the *Moats* standard, the Court identified strong Ohio governmental interests, determined that the interests of Canada would not be significantly affected by the Court's choice of Ohio law, and held that as such Ohio law would govern.

In support of that finding, the Court pointed to the many contacts between Ohio and the controversy at issue.[2] Plaintiffs have documented those contracts in their brief in the present motion. Among the relevant contracts are the following: (1) the William S. Merrell Company, a wholly owned subsidiary of defendant, was located in Cincinnati, Ohio; (2) almost all contacts with the Canadian Food and Drug Directorate (F.D.D.) prior to the introduction of Kevadon into the Canadian market, during the time period Kevadon was approved for sale, and after recall, originated from the Merrell offices in Cincinnati; (3) all animal testing of Kevadon was done in Merrell's Cincinnati operation; (4) the Kevadon tablets introduced into the Canadian market were either manufactured in Cincinnati and sent to Canada or were manufactured in Canada with the active materials being sent to Ontario from Cincinnati[3]; (5) all promotional materials for Kevadon were drafted and organized in Cincinnati, and (6) all Canadian recall matters were handled by Merrell in Cincinnati rather than through Merrell's Ontario division.

Defendant argues that the Sixth Circuit in *Dowling* held that the law of a foreign government should be applied in cases where claims are based on the use of a drug manufactured and distributed in a foreign nation. However, the contacts between Richardson-Merrell, Inc. (U.S.A.) and Debendox were not elucidated in either the district or appeals court opinions, other than the fact that Debenox was *manufactured* in England.

This Court continues to hold that Ohio law should be applied to these cases. Merely because a claim arises in a foreign nation involving a regulated industry, governmental interest analysis need not conclude that the law of the foreign nation will apply. *See, e.g., Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 243 and n. 7, 102 S.Ct. 252, 259 and n. 8, 70 L.Ed.2d 419 (1981) (district court, using "governmental interest" analysis concludes that Pennsylvania law will be applied to American airplane manufacturer in litigation arising from airplane crash in Scotland). However, assum-

---

2. For a history of this case and four related cases, *see Lake v. Richardson-Merrell, Inc.,* 538 F.Supp. 262 (N.D.Ohio 1982).

3. Plaintiffs allege that defendant violated sections 505 and 801 of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355, 381 (1982) by shipping Kevadon tablets in bulk from Cincinnati to Ontario.

ing *arguendo* that Ontario law would be applied, the Court opines that this forum is nonetheless appropriate and convenient for the resolution of the case at hand. Choice of law is but one factor to be considered. Even if Ontario law is to be applied, the myriad contacts between this jurisdiction and the events underlying the facts of Kevadon distribution in Ontario refute defendant's contention that this forum has no interest in or connection to the dispute. Other courts, when faced with *forum non conveniens* motions in cases concerning regulated industries where foreign law was to be applied, have found that the cases should nonetheless be retained. *See, e.g., Friends For All Children, Inc. v. Lockheed Aircraft Corporation,* 717 F.2d 602, 610 (D.C.Cir.1983); *Mowrey v. Johnson & Johnson,* 524 F.Supp. 771 (W.D.Pa.1981).

B. *Regulated Industries.* Second, defendant argues that the Court in *Dowling* identified a new public factor which *must* be considered by district courts when faced with *forum non conveniens* motion in cases such as the one at hand. That factor is "the nature of the product and its status as regulated or not".

Although defendant notes that the Court considered such a factor in its earlier ruling, defendant states that the Court's evaluation dealt with the issue of governmental regulation only in the context of its inquiry into choice of law and not as a separate criterion in *forum non conveniens* balancing. Defendant then suggests that the Sixth Circuit has stated that a foreign nation has a particularly strong interest in hearing suits concerning industries subject to regulation in that foreign nation.

Assuming that this Court's earlier evaluation of the governmental interests at stake when a case before it involves an industry regulated in a foreign nation was flawed because the Court considered the interests not on their own but only in the context of choice of law, the Court, upon balancing this interest with the others ennunciated in its earlier decision, concludes that the interests of Ontario and Canada will not be undermined if trial goes forward here. If this Court determines to apply Ontario law, there will be absolutely no conflict between Canada and the United States in the regulation of specific industries. If the Court decides to apply Ohio law, the Court concludes that there will be no significant conflict. Defendant does not suggest that Canada's regulatory laws are such that the trial of these matters in Ohio applying Ohio (or Ontario) law will affront or damage Canada's regulatory scheme. *See, Lake v. Richardson-Merrell, Inc.,* 538 F.Supp. 262, 275 (N.D.Ohio 1982). Indeed, the affidavit of David Bruce MacDougall, included with defendant's motion, suggests that Ohio and Ontario law are almost parallel for the purposes of this case. Therefore, given the other reasons for trial of this case in this jurisdiction, the Court concludes that the regulated nature of Kevadon does not require a different result as regards defendant's *forum non conveniens* motion.

C. *Witnesses.* Defendant states in its renewed motion that this Court erred in requiring defendant to produce a list of witnesses to show that trial here would be inconvenient. In support of its argument, defendant points out that the *Dowling* court held that a party need not present the court with a list of witnesses to show that compulsory process would be unavailable to require the witnesses to attend trial and that without such testimony they would not be afforded a fair trial.

The Court believes that defendant has misconstrued its earlier holding. This Court did not state nor did it imply that defendant was required to produce a list of potential witnesses and the subject matter to which they would testify. Rather, the Court held that the information provided by the defendant did not persuade the Court that trial in this jurisdiction would inconvenience or prejudice the defendant. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 258, 102 S.Ct. 252, 267, 70 L.Ed.2d 419 (1981). Nonetheless, the Court will, at defendant's request, reexamine the problem of witness availability in conjunction with defendant's renewed motion.

Generally, a motion for dismissal on grounds of *forum non conveniens* will be made at the outset of a suit, before the crucial facts and testimony have been adduced. Therefore, a court will be called upon to make a judgment as to which testimony may be relevant and whose presence may be unavailable at trial. In the present instance, however, with trial rapidly approaching, the parties have named their crucial witnesses and the difficulties in demanding their presence in this jurisdiction. The Court therefore feels it appropriate to consider the factual circumstances surrounding the witnesses even though such an examination would in the normal instance defeat the purpose of a *forum non conveniens* motion.

The defendant argues that the testimony of Drs. de St. Victor, Morin, Williams, and Goldwyn-Smith is crucial to its defense and states that all the individuals are not subject to the subpoena power of the Court. Dr. de St. Victor was Mrs. Haddad's obstetrician while pregnant with Paul, and has denied prescribing Kevadon to her during the pregnancy. Defendant argues that there is a "critical necessity of the opportunity for the jury to judge his credibility through live testimony." Plaintiffs, however, have responded by pointing out that Dr. de St. Victor's deposition testimony has been videotaped for use at trial and that he has already twice voluntarily appeared and that he would most likely do so in the future. Plaintiffs also state that the deposition testimony of the other potential witnesses has been preserved and offer to produce those individuals at trial.

Although the promise of plaintiffs to produce witnesses at trial or the "indication" that Dr. de St. Victor will appear voluntarily if requested are not normally matters to be considered by a court in reviewing a *forum non conveniens* motion concerned with the availability of compulsory process, in this instance the Court feels such factors may appropriately be taken into account. Viewing the facts as they are at the present time, the Court concludes that defendant has not made a showing with respect to the availability of witnesses to

persuade the Court to overturn its earlier ruling. The evidence concerning the teratogenetic qualities of Kevadon is present within this jurisdiction, as is the evidence supporting plaintiffs' allegations of negligence in the testing, introduction and recall of the drug. Nor is this a case in which a jury view of the scene of the injury has any bearing on the issues at trial. The evidence that defendant argues is present in Canada beyond the subpoena power of the Court is that which would show how Mrs. Haddad received Kevadon at a time after it was recalled from the market, and the testimony of Dr. de St. Victor is important to both sides since Dr. de St. Victor denies giving Mrs. Haddad the drug. However, the Court opines that the videotape of Dr. de St. Victor's deposition, in which the parties asked the doctor if he gave Mrs. Haddad Kevadon, will serve such a purpose if Dr. de St. Victor does indeed refuse to testify at trial.

### IV.

At the time the Court denied defendant's earlier motion to dismiss the action on the grounds of *forum non conveniens*, it stated that the defendant had "produced strong arguments for dismiss[al]" but that on balance the Court concluded that the cases should remain in this jurisdiction. *Lake*, 538 F.Supp. at 275–76. Those arguments remain strong today, but the Court retains the belief that the inconvenience to plaintiffs if the cases were dismissed outweigh any inconvenience to defendant.

Additional reasons exist today for the retention of these cases. This case, the lead case for thirteen related actions against the defendant alleging injuries from defendant's drugs, is scheduled to commence trial within the month after nearly four years of pre-trial discovery and numerous motions. Plaintiffs have submitted an affidavit of Kenneth Howie, an attorney admitted to practice in the Courts in the Province of Ontario. Mr. Howie states that if this case were transferred to Ontario it would probably not reach trial

for three years. Such further disruption and delay benefit neither plaintiffs nor defendant—plaintiffs, if their claims have merit, deserve to be awarded damages, and defendant, if plaintiffs' claim are baseless, deserves to be free of the specter of litigation.

A further reason exists why this case should be retained in this jurisdiction. The Court and the attorneys for both parties have gained a familiarity with the facts and law governing the matter over the four years it has been on the Court's docket. A transfer to Ontario, where new counsel for the parties would have to be retained and become knowledgeable of the facts of the case, would serve neither the interests of justice nor the efficient utilization of court administration, both in this country and Canada. *See Friends For All Children, Inc. v. Lockheed Aircraft Corp.,* 717 F.2d 602, 609 (D.C.Cir.1983).

### V.

The Court, having carefully reviewed defendant's renewed motion and the Sixth Circuit's opinion in *Dowling,* concludes that defendant's motion must again be denied. The grant of a motion for dismissal on the grounds of *forum non conveniens* rests within the "sound discretion" of the trial court. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981). The additional arguments proferred by defendant in its latest motion fail to convince the Court that its earlier balancing was inappropriate or incorrect. Therefore, upon due consideration, defendant's motion is denied.

IT IS SO ORDERED.